Carl Kenneth SHEFFIELD, et al., Appellants,

v.

William H. SCOTT, Jr., Appellee.

No. B14–82–437CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 3, 1983.

Rehearing Denied Dec. 8, 1983.

Robert V. Holland, Jr., Houston, for appellants.

Margaret A. Pollard, William H. White & Associates, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from the declaratory judgment of the probate court that the appellants' interests under a will had been forfeited under an *in terrorem* clause. We reverse.

Vivian Kent Vilven, the testatrix of the will in question, died on December 14, 1978, leaving a total gross estate in excess of $900,000.00. Her closest relatives were her nephew, Carl Kenneth Sheffield, and her niece, Beverly Sheffield Tipton. Appellee had been Vilven's attorney for some time and had prepared her will. The will provided that after specific bequests were satisfied, the appellants and appellee were to equally share in the residuary estate. On January 2, 1979 the will was admitted to probate and appellee made distributions to the appellants to satisfy specific bequests.

The will contained the following *in terrorem* clause:

It is my specific request that my devisees and legatees aid my Independent Executor in carrying out my wishes expressed in this Will, and, in order, if possible to assure this, it is my will and I do now expressly provide and make it a condition precedent to the taking, vesting, receiving, or enjoying of any property, benefit, or thing of value whatsoever under and by virtue of this Will, that no such devisee or legatee or beneficiary shall in any manner contest the probate hereof, or question or contest the same, or any part or clause thereof in any judicial proceeding, or seek to delay the administration of my estate or to oppose the appointment of my Independent Executor in any judicial proceeding, and I further will and provide that should any such devisee or legatee or beneficiary so contest or question, or in any manner aid in such contest or questioning, he or she, as the case may be, shall therefor lose and forfeit all right to any benefit and all right or title to any property or thing therein, directly or indirectly devised or bequeathed to him; and such and every forfeited gift, devise and bequest shall pass, instead, as a part of my residuary estate in such manner as though no gift, devise, or bequest had been made to such contesting beneficiary.

In July 1979 the appellants filed with the probate court a petition entitled "Petition Brought to Ascertain the Intention of Vivian Kent Vilven, Testatrix and the Extent of the Devise and Then, to Enforce the Terms of Her Will in Accordance Therewith." The appellee filed a motion to dismiss the petition claiming appellants were

not "interested persons" because they had accepted benefits under the will and therefore had no standing to contest it. An in limine hearing was held and the probate court found that the appellants did not have standing and dismissed the cause. On appeal this court affirmed. *Sheffield v. Scott,* 620 S.W.2d 691 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

Appellee then brought a declaratory judgment action in the probate court to enforce the *in terrorem* clause and have the appellants' rights under the will declared forfeited, leaving appellee as sole beneficiary. Over appellants' objection the probate court instructed the jury that the previous action was a will contest as a matter of law. Issues on good faith and probable cause for appellants to bring the will contest were submitted to the jury and they found that Tipton was in good faith but lacked probable cause and that Sheffield was acting neither in good faith nor upon probable cause in bringing the action. Upon these responses, the probate court declared appellants' interests under the will were forfeited and entered judgment accordingly.

Appellants bring seventeen points of error but we address only the fourth alleging error of the court in instructing the jury that the previous proceeding was, as a matter of law, a will contest.

▮ Appellants argue the petition they filed was not a will contest because they "were not petitioning to defeat the will" but were in fact "attempting to enforce the terms of the will according to the true intent of the Testatrix." In view of our disposition of the matter we will assume that the petition filed by appellants was *designed* to contest the will of testatrix. The real issue before us is the threshold issue of whether as a matter of law there was a will contest. There is, of course, no question that had appellee not filed his motion to dismiss the "contest" petition (claiming that appellants were not "interested persons") and secured a favorable ruling of the court in the in limine hearing dismissing the "contest" petition, and had appellants proceeded to a hearing on their petition,

there would have been, as a matter of law, a will contest. Appellee, however, is in the unique position of on the one hand *procedurally* defeating, *as a matter of law,* a will contest and on the other hand taking the position that the proceeding was, *as a matter of law,* a will contest. We do not believe such a result should obtain. As a general rule forfeiture provisions in a will are to be strictly construed, and forfeiture is to be avoided if possible, and only where the acts of the parties come strictly within the express terms of the punitive clause of the will may a breach thereof be declared. *See generally* Annot., 49 A.L.R.2d 198, 204 (1956). Appellee argues that at the moment appellants filed their contest motion this amounted to a will contest as a matter of law and cites *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951) as authority therefor. We cannot read into such opinion nor the opinion of the Court of Civil Appeals (242 S.W.2d 925) such pronouncement. As far as our own research reveals, this issue has never been addressed by Texas courts and has seldom been addressed by courts of other jurisdictions. We have found few cases upon which an argument could be based that a will contest was effective upon the filing of the contest proceeding. *See In re Simson's Estate,* 123 N.J.Eq. 388, 196 A. 451 (1938); *In re Fuller's Estate,* 143 Cal. App.2d 820, 300 P.2d 342 (1956); and *In re Hite's Estate,* 55 Cal. 436, 101 P. 443 (1909). However in both *Simson* and *Hite* the contestant had utilized the filing of the contest motion to effectuate a compromise settlement prior to the hearing on the contest and, in consideration therefor, dismissed the contest. In the *Hite* case the California Supreme Court stated:

> It does not follow herefrom that the mere filing of a paper contest, which has been abandoned without action, and has not been employed to thwart the testator's expressed wishes, need be judicially declared a contest.

In *Fuller* the California District Court of Appeals stated that the mere filing of a contest motion was sufficient to constitute a will contest under the *in terrorem* clause

in question despite the fact that the motion was withdrawn prior to a hearing on the merits and the withdrawal was not in response to a settlement agreement. On the other hand, it has been held that a legatee who files objections to probate, setting forth the usual grounds of invalid execution, lack of mental capacity, and undue influence, and demands a trial by jury of the issues raised, but who withdraws his objections before the case is scheduled to come to trial and such withdrawal is not conditioned upon a property settlement inconsistent with the terms of the will, a contest of the will such as to forfeit rights under the *in terrorem* clause has not occurred. *Re Cronin's Will,* 143 Misc. 559, 257 N.Y.S. 496, aff'd, 237 App.Div. 856, 261 N.Y.S. 936 (1932); *Ayers v. Ayers,* 212 Ky. 400, 279 S.W. 647 (1926); *Drennen v. Heard,* 5th Cir. 198 F. 414, aff'd, 211 F. 335 (5th Cir.1912). *See* Annot., 49 A.L.R.2d 198 (1956). We believe this rule is correct and based upon sound legal reasoning. After all, a motion to contest a will is, like any other motion, merely a pleading that is the necessary vehicle by which the movant raises issues for resolution. A motion is not self-proving. If the mere filing of a motion to contest a will is, in and of itself, a contest of the will, this would be inconsistent with the legal significance of a motion. We believe that until such time as some further action is taken in an effort to thwart the intention of the testator, the mere filing of a contest motion is insufficient to cause a forfeiture under the *in terrorem* clause. There are compelling reasons to apply such rule in this case. The no-contest clause of the will was drawn by appellee and it does not specifically prohibit the "mere filing" of a contest. The contest sought by appellants never proceeded further than the "mere filing" of the contest motion and appellee was successful in having the motion procedurally dismissed prior to any proceedings had thereon. This *in terrorem* clause only expressly prohibits the contest or questioning of the will "or any part or clause thereof *in any judicial proceeding...*" (emphasis added). No judicial proceedings have ever been had which would thwart the in-

tention of the testatrix. We therefore sustain appellant's fourth point and hold that the trial court erred in instructing the jury as a matter of law that the previous proceeding brought by appellants was a will contest.

The judgment is reversed and remanded.