## In the ESTATE of Pearl Dove NEWBILL, Deceased.

### No. 07–89–0111–CV.

Court of Appeals of Texas, Amarillo.

Dec. 15, 1989.

Sanders, Baker & Jesko, (Robert R. Sanders and Mitch D. Carthel), Amarillo, for appellant.

Gibson, Ochsner & Adkins, Thomas C. Riney and Charles E. King, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

This case presents the question whether appellee Bennie O. Newbill's challenge of appellant Joe N. Newbill's suitability for appointment as executor of the will of Pearl Dove Newbill, deceased, violated an in terrorem provision of that will. From a summary judgment that the action did not violate that clause, appellant brings this appeal. We affirm the judgment of the trial court.

Appellant originated this cause by seeking declaratory judgment that appellee, by challenging appellant's appointment as temporary administrator and as executor, had violated the in terrorem clause in the will in question, thereby forfeiting any interest in Ms. Newbill's estate to which he might otherwise be entitled. Both parties filed motions for summary judgment, resulting in the trial court judgment in favor of appellee.

In two points, appellant asserts the trial court erred in (1) granting appellee's motion for summary judgment because appellee's actions in challenging appellant's appointment, as a matter of law, constituted a direct or indirect attack upon a provision of the deceased's will; and (2) because a genuine fact issue existed on the question of appellee's good faith in attacking that provision of the will.

The deceased, Pearl Dove Newbill, was the mother of both parties. The in terrorem clause in her will reads:

> If any beneficiary under this will in any manner directly or indirectly contests or attacks this will or any of its provisions, any share or interest in my estate given to that contesting beneficiary under this will is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary had predeceased me without issue.

Since other provisions are not in question, setting the will out in detail is not necessary. Suffice it to say, the will appoints appellant as executor without bond. It also appoints him as trustee of the corpus of the estate with instructions as to how to administer that corpus for its beneficiaries, one of whom is appellee.

In support of his attack, appellant points out that appellee objected to appellant's application to be appointed as executor and also objected to appellant's application to be appointed temporary administrator of the estate pending disposition of the contest of his appointment as executor. Appellant also asserts after his appointment as administrator, appellee again filed a request for hearing to contest the appointment as administrator in which the same facts were alleged. This attack was also overruled. Appellant alleges that appellee fully participated in all hearings on these objections. All of appellee's actions, appellant concludes, constitute an attack upon a provision of the will, *i.e.*, the appointment of the executor, within the purview of the in terrorem clause. That being the case, appellant argues, appellee's interest in the estate should be forfeited.

As a corollary of his proposition, appellant suggests that examination of the will as a whole clearly evidences the testatrix' intent that the clause in question was designed to prevent her estate from incurring the expense and suffering the delay incident to a challenge such as the one in question. In support of that corollary, appellant cites the axiom stated by the court in *Sellers v. Powers,* 426 S.W.2d 533, 536 (Tex.1968), that "the primary concern of

the court in will construction is the determination of the testator's intent and the effectuation of that intent as far as possible." The general rule is that a court should determine the intention of the testator from the language he used in the will. *Rekdahl v. Long,* 417 S.W.2d 387, 389 (Tex. 1967).

■ ·It is also axiomatic that forfeiture provisions in a will such as this are to be strictly construed, and forfeiture is to be avoided if possible; only where the act of a party comes strictly within the clause may a breach thereof be declared. *Matter of Estate of Hodges,* 725 S.W.2d 265, 268 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.).

For example, in *Estate of Hodges, supra,* we held that an action seeking a declaratory judgment that a non-beneficiary executor had no standing to contest a family settlement agreement, was an action to construe, not to contest, the will. That being the case, the beneficiaries instigating the suit did not transgress the in terrorem provision of the will. *Id.* at 268. Likewise, in *Sheffield v. Scott,* 662 S.W.2d 674, 677 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.), the court held that the filing of a will contest, dismissed prior to hearing, did not require forfeiture under an in terrorem clause since the clause did not specifically prohibit the "mere filing" of a contest. In the *Matter of the Estate of Minnick,* 653 S.W.2d 503, 507–08 (Tex.App.— Amarillo 1983, no writ), this Court held an action against executors seeking a final accounting, partition, distribution and closing of an estate was not a "contest" within the purview of a forfeiture clause. *See also Upham v. Upham,* 200 S.W.2d 880, 883–84 (Tex.Civ.App.—Eastland 1947, writ ref'd n.r.e.).

Parenthetically, we note appellee's contention that all of his actions, save the original objection, have been in opposition of appellant's appointment as temporary administrator. Since the will does not mention an administrator, and since his challenge of appellant's appointment as executor has not been heard, appellee reasons his actions to date would not be sufficient to constitute a forfeiture. We cannot agree.

All of the proceedings have been made necessary because of, and are related to, appellee's opposition to the appointment of appellant as executor. If that opposition is within the pale of the forfeiture clause we are considering, appellee's actions are sufficient to invoke forfeiture.

Texas Probate Code Annotated (Vernon 1980) section 77,[1] in relevant part provides that letters testamentary shall be granted to the person named as executor in the deceased's will, subject to the person being "qualified to act" in that capacity. Section 78 provides that no person is qualified to serve as an executor or administrator who is a minor, an incompetent, a convicted felon, a non-resident (with certain exceptions), a corporation not authorized to act as a fiduciary in this State, or a person whom the court finds unsuitable. Section 81 requires, inter alia, that an application for probate of a written will state that the executor is not disqualified by law from accepting letters testamentary.

Appellee based his challenge to appellant's application upon section 78(f) of the Probate Code, i.e., that appellant was not legally qualified to serve as executor. Viewed in that light, appellee's action required appellant to establish his legal qualification to serve as executor, a burden which already existed by provision of the Probate Code. Under the strict interpretation of in terrorem clauses required in this state, we do not believe such an action can be considered as an effort to vary the purpose and intent of the testatrix within the purview of the forfeiture clause we are considering. To hold otherwise would be inconsistent with the obvious intent of the law to make sure that an applicant is properly qualified to execute the fiduciary relationship necessary in the administration of a decedent's estate. Even if public policy would allow a decedent to provide that an action challenging the qualifications of a named executor would trigger forfeiture, such a provision would have to be spelled out in the most clear and specific language. For example, see the language used in the in terrorem clause considered in *Sheffield*

*v. Scott,* 662 S.W.2d at 675. No such clear and specific language is contained in the clause under scrutiny and this Court would not be legally justified to imply any such language. *See Kokernot v. Denman,* 708 S.W.2d 921, 924 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

Our conclusion that an appellee's actions did not violate the in terrorem clause is strengthened by the fact that the testatrix, in paragraph VII of the will, expressly provided for the appointment of an alternate executor if appellant should for any reason "fail to qualify." By doing so, the testatrix recognized the possibility that appellant might not qualify. Therefore, to hold that she intended to disinherit any beneficiary challenging the executor's qualifications under this record, would be erroneous.

We also note that in opposition to appellee's motion for summary judgment, appellant tendered the affidavit of the attorney who prepared the will in question. That affidavit dealt with conversations the attorney had with the deceased, and his conclusion as to her intent in including the in terrorem clause. Neither party contends the clause is ambiguous nor do we find it ambiguous. We must, therefore, determine the intent of the testatrix from the language used within the four corners of the instrument, with the question being not what the testatrix intended to write, but the meaning of the words she actually used. *Shriner's Hospital for Crippled Children of Texas v. Stahl,* 610 S.W.2d 147, 151 (Tex.1980). Strictly construed, the language of the in terrorem clause at bar does not require the forfeiture of appellee's interest in the deceased's estate. Accordingly, we must overrule appellant's first point.

In his second point, appellant argues that summary judgment was improper because a question of fact exists as to appellee's good faith and probable cause in taking his actions. Our disposition of appellant's first point foreshadows our disposition of his second point. Although no Texas court has ruled expressly on the question, from pe-

---

1. Later references to section numbers are to those sections of the Texas Probate Code.

ripheral discussions, it does appear that in a proper case, Texas would and should adopt the rule that where a contest of a will is made in good faith and upon probable cause, forfeiture under an in terrorem clause would not be enforced. *See Calvery v. Calvery*, 122 Tex. 204, 55 S.W.2d 527, 530 (Tex.Comm'n App.1932, opinion adopted); *Gunter v. Pogue*, 672 S.W.2d 840, 842–43 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *First Methodist Episcopal Church South v. Anderson*, 110 S.W.2d 1177, 1184 (Tex.Civ.App.—Dallas 1937, writ dism'd). However, for good faith and probable cause to be an issue, there must necessarily have been a contest contrary to the provision of the in terrorem clause. Since no such contest was undertaken by appellee, that issue is not in this case. Appellant's second point is overruled.

In summary, both of appellant's points are overruled and the trial court judgment affirmed.