**In re the ESTATE OF Lena HAMILL, Deceased.**

**No. 07–93–0051–CV.**

Court of Appeals of Texas, Amarillo.

Nov. 10, 1993.

Ward, Freels & Cook, Clinton W. Cook, Lubbock, for appellant.

Tabor & Tabor, Warren G. Tabor, Levelland, Stephen D. Stephens, Lewisville, and Phelan & Phelan, Harold Phelan, Levelland, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

■ Appellant Robert A. Hamill, Jr. brings this appeal from an order approving the final account of the temporary administrator of the Lena Hamill Estate and distributing the assets of that estate. In two points of error, appellant contends that the trial court erred in ordering distribution of assets of the estate to (1) Jane Hamill Jeffrey and Sue Hamill Harrell, and (2) Gloriadine Brashear, Betty Mowry, and Carol Brashear, for the reason that those distributees forfeited their right to take under the will pursuant to an *in terrorem* clause.[1] For the reasons hereinafter expressed, we affirm in part and reverse and remand in part.

Lena Hamill (testatrix) died testate in 1969. She devised her estate to her surviving daughters, Betty Mowry and Gloriadine Brashear, and her grandchildren, Carol Brashear, Sue Hamill Harrell, Jane Hamill Jeffrey, and Robert Hamill, Jr.[2] She also included a no-contest clause which ordered the disinheritance of any beneficiary who initiated an attack on the will.[3] Because of the case's convoluted history, it is necessary that we give a detailed discussion of the actions brought against the estate or concerning the estate, as best we can determine from the record, to determine the rights and legal relations of the beneficiaries of the estate. For convenience, we will discuss each suit involving a distributee in question through its completion.

## JANE HAMILL V. BRASHEAR, ET AL.

In August of 1969, Elois Hamill Reese, the wife of testatrix's deceased son, as mother and next friend of Jane Hamill (Jeffrey) who was then a minor, filed an action contesting testatrix's will. During the will contest proceedings, the court never appointed a guardian ad litem, nor, as far as we can determine from the record, did Jane become an adult prior to the trial court judgment. The contest, asserting the mental incapacity of the testatrix, was denied by the trial court. However, Jane, as an adult, pursued an appeal of the trial court's take nothing judgment to this court in which we affirmed the action of the trial court. She also unsuccessfully sought review of our decision by the Texas Supreme Court.

## JANE HAMILL JEFFREY V. BRASHEAR, ET AL.

In 1973, Jane petitioned the trial court to terminate the temporary administration and

1. The term, *in terrorem,* as applied to wills refers to a legacy given upon condition that the beneficiary will not dispute the validity or disposition of the will. *Dulak v. Dulak,* 496 S.W.2d 776, 781–82 (Tex.Civ.App.—Austin 1973), *rev'd on other grounds,* 513 S.W.2d 205 (Tex.1974).

2. Betty and Gloriadine each received real and personal property in trust. Betty's trust terminated five (5) years after the testatrix's death. Gloriadine's trust terminated twenty (20) years after the testatrix's death. The Hamill grandchildren also received real and personal property in trust. This trust terminated upon each grandchild reaching the age of thirty (30) years. Carol received real and personal property with immediate fee simple ownership.

3. The *in terrorem* clause read:
   If any beneficiary hereunder shall contest the probate or validity of this Will or any provisions hereof, or shall be a party (except as a party defendant) to such a contest proceedings, regardless of whether such proceeding is instituted in good faith and with probable cause, such beneficiary and all of his or her issue shall be deemed for all purposes hereunder to have predeceased me,....

to distribute the assets of the estate. In his answer, the temporary administrator agreed to the termination of the administration but objected to the payment of a $7,791.15 debt payable to Citizens National Bank of Lubbock. The temporary administrator also added Gloriadine, Carol, and Betty as cross-defendants in his answer to the petition. In their original answer, these cross-defendants also objected to the payment of the debt based on the reasoning of the temporary administrator. This suit was litigated for over seven years, presumably resulting in the debt being paid.

### SUE HAMILL HARRELL V. BRASHEAR, ET AL.

In June 1975, Sue filed an action contesting the validity of the will. This action was later dismissed for reasons undisclosed in the record. In October 1992, she filed what was denominated as an irrevocable disclaimer of interest, disclaiming any property she may have been entitled to receive from the estate or under the will of the testatrix. Sue stated as the basis for her disclaimer that, as she recognized the suit she filed in 1975 contested the validity of the will, "it would be meaningless for [her] to incur further time and expense in litigation."

On January 21, 1993, Sue filed a motion to rescind her disclaimer of interest, asserting that the disclaimer should not have been filed and that she should inherit under the will. The record does not reflect that notice of the motion was given to any of the other parties. However, on the same day the motion was filed, the trial court entered an order allowing Sue to rescind the disclaimer of interest. On January 22, the trial court ordered a distribution of the estate in which Sue was awarded her original share of the bequest.

### ROBERT HAMILL, JR. V. BRASHEAR, ET AL.

In September 1989, Betty filed an application to terminate the temporary administration and distribute the assets of the estate. That same year, the First National Bank of Levelland, as temporary administrator, submitted its accounting of the estate's income and expenses. Additionally, the Bank, Jane, and Douglas Jeffrey, as next friend for Jane's children, petitioned for a declaratory judgment to determine the effect of the various actions with regard to the *in terrorem* clause.

In May 1992, Robert Hamill, Jr. challenged the Bank's accounting by filing an original answer which included a suit for declaratory judgment. In his answer, Robert asserted that Jane and Sue forfeited their right to take under the will by reason of the will contests filed by them or on their behalf. He further contended that Gloriadine, Betty, and Carol forfeited their rights to take under the will by opposing the payment of the $7,791.15 debt.

In November 1992, the trial court terminated the temporary administration and ordered the Bank to file a final accounting. The order also required any objection to the final accounting to be filed by January 8, 1993, and scheduled a hearing on any objections to the accounting on January 20. At the hearing on January 20, after noting that no objections had been filed, the court held that the actions of Betty, Gloriadine and Carol were not contests of the will. The court further held that Jane did not forfeit her bequest as her mother brought the initial suit on her behalf while Jane was a minor and no guardian ad litem was ever appointed. The court also determined that, because of her disclaimer, Sue was not entitled to any recovery.

On January 22, after allowing Sue to rescind her rescission on January 21 as noted above, the court entered a final order of distribution awarding the original bequest to each distributee named in the will, including Sue. In this appeal, Robert challenges the trial court's distribution of the estate.

In determining whether any of the actions taken by the beneficiaries violated the *in terrorem* clause, we must bear in mind that such clauses are to be strictly construed and forfeiture is to be avoided if possible. *Sheffield v. Scott,* 662 S.W.2d 674, 676 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). That being true, a breach of such a clause will only be found when the acts of the parties clearly fall within the express terms

of the clause. *Gunter v. Pogue*, 672 S.W.2d 840, 842 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Thus, if any of the various actions described above constitutes a will contest, the bequest to the beneficiary bringing such action will be forfeited.

■ In this appeal, neither Jane or Sue filed appellate briefs with this court. Therefore, in regard to them, we may accept as correct any statement made by appellant in his brief. Tex.R.App.P. 74(f). Even so, as did the court in *San Antonio Villa Del Sol v. Miller*, 761 S.W.2d 460, 462 (Tex.App.—San Antonio 1988, no writ), in determining whether each distributee violated the no-contest clause of the will thereby resulting in the forfeiture of their bequest, we will consider all of the evidence in the record. For convenience, we will address each distributee individually.

*Point of Error No. 1*

*Jane Hamill Jeffrey*

Foremost, appellant contends that the suit initiated by Elois Hamill Reese on Jane's behalf constituted a will contest sufficient to invoke the provisions of the no-contest clause, thereby compelling a forfeiture of Jane's bequest. Additionally, he argues the doctrine of collateral estoppel bars Jane's defense of infancy.

As noted above, Jane's mother originally brought an action on Jane's behalf as next friend and guardian of Jane's estate, alleging the testatrix lacked testamentary capacity. It is well established that a "next friend" may bring a suit on behalf of a minor who has no legal guardian and, in such an instance, the minor is the real party plaintiff. *Safeway Stores, Inc. of Texas v. Rutherford*, 130 Tex. 465, 111 S.W.2d 688, 689 (1938); *Fite v. King*, 718 S.W.2d 345, 346 n. 2 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). There is nothing in this record indicating that Jane had a legal guardian at the time the suit was brought or that the trial court erred in failing to appoint a guardian ad litem to represent her in the suit.

■ The determination of whether a guardian ad litem should be appointed is a preliminary issue to be determined by the trial court. *See Texas Employers Ins. Corp. v. Keenom*, 716 S.W.2d 59, 67 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). The court has a duty to appoint a guardian ad litem only if it determines the minor's guardian or next friend has an interest adverse to the minor and, thus, is unqualified to serve in that capacity. *Newman v. King*, 433 S.W.2d 420, 421 (Tex.1968); *Kennedy v. Missouri Pacific R. Co.*, 778 S.W.2d 552, 555 (Tex.App.—Beaumont 1989, writ denied); Tex.R.Civ.P. 173. There is nothing in this record demonstrating that Jane's mother was disqualified to bring the suit on Jane's behalf.

■ Additionally, as we pointed out above, the record shows that Jane, as an adult, pursued an appeal from the trial court judgment refusing her contest. Thus, even if the original action brought by Elois on Jane's behalf did not trigger the no-contest clause, Jane's subsequent appeal of the trial court's judgment was clearly a violation of the provision. Parenthetically, in our opinion affirming the trial court's judgment, this court noted that Jane had attained her majority and was pursuing the appeal as the sole contesting party. *Hamill v. Brashear*, 513 S.W.2d 602, 605 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.). By filing the appeal, Jane, in effect, adopted or ratified the will contest brought in the trial court. As a result, we must hold that Jane forfeited her bequest under the will pursuant to the no-contest clause.

For the above reasons, we sustain appellant's first point inasmuch as it applies to Jane. That holding obviates the necessity for discussion of appellant's second argument regarding collateral estoppel because it becomes unnecessary to the disposition of the appeal. Tex.R.App.P. 90(a).

*Sue Hamill Harrell*

■ We first address appellant's argument that the disclaimer of interest filed by Sue Hamill Harrell effected a renunciation of her bequest. Sue filed the disclaimer of interest pursuant to section 37A of the Texas

Probate Code on November 2, 1992.[4] That section governs the procedure for filing and the effect given to disclaimers filed by persons who may be entitled to receive property as beneficiaries. It iterates the requirements for a valid disclaimer of inheritance as follows:

1. The disclaimer must be in writing and notarized;

2. The disclaimer must be filed in the Probate Court (if administration has commenced) not later than nine months after the decedent's death;

3. Copies of the disclaimer must be delivered and received by the legal representative of the transferor of the property to which the disclaimer relates not later than nine months after decedent's date of death; and

4. Any disclaimer filed and served under this section must be irrevocable.

*Northwestern Nat. Cas. Co. v. Doucette,* 817 S.W.2d 396, 400 (Tex.App.—Fort Worth 1991, writ denied); Tex.Prob.Code Ann. § 37A(a), (b), & (d) (Vernon Supp.1993). A disclaimer, if it is to be given effect, must satisfy all of the above requisites. *See id.* at 401 (stating that a disclaimer is effective and irrevocable only if the elements of the disclaimer statute are satisfied). Failure to comply with the provisions will render the disclaimer "ineffective except as an assignment." Tex.Prob.Code Ann. § 37A (Vernon Supp.1993).

In this case, Sue filed her disclaimer on November 2, 1992. The testatrix passed away on August 4, 1969. The disclaimer obviously fails to meet the stringent nine-month deadline for filing a disclaimer and giving notice. As such, it is only an invalid attempted disclaimer and is ineffective to renounce any testamentary interest Sue may be entitled to under the will.

That being the case, we must next determine whether the ineffective disclaimer constituted an assignment of Sue's interest to the other beneficiaries of the estate. *See Tate v. Siepielski,* 740 S.W.2d 92, 93 (Tex. App.—Fort Worth 1987, no writ) (defining a disclaimer as passing on the estate of a deceased person to the remaining heirs who would take otherwise by bypassing one of the heirs at law).

In order to be an assignment, the ineffective disclaimer must satisfy the requisites necessary for an assignment, that is, it must meet the requirements of a "gift." *Thompson v. Lawson,* 793 S.W.2d 94, 96 (Tex.App.—Eastland 1990, writ denied) (construing Tex.Prob.Code Ann. 37B(d) (Vernon Supp.1993) to require that an "assignment" under section 37A, *i.e.,* an ineffective disclaimer, be a "gift").

Three elements are necessary to establish the existence of a gift: (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Grimsley v. Grimsley,* 632 S.W.2d 174, 177 (Tex. App.—Corpus Christi 1982, no writ). The intent of the donor, however, is the principal issue in determining whether a gift has been made. *Thompson v. Lawson,* 793 S.W.2d at 96.

In this case, Sue's invalid disclaimer did not constitute an assignment as she did not have the intent necessary to effect an assignment, *i.e.,* the intent to make a gift. She clearly stated in her attempted disclaimer of interest that she filed the document solely to avoid any "further time and expense in litigation." She also opined that to continue in the proceedings would be "meaningless" as she recognized that the lawsuit she had filed contesting the validity of the will would fall under the no-contest provision of the will and result in forfeiture of her interest. Thus, the document did not indicate a donative intent of any kind. *Cf. Tate v. Siepielski,* 740 S.W.2d at 93. When no donative intent appears, there is no gift. 41 Tex.Jur.3d *Gifts* § 8 (1985). That being true, we can only conclude that Sue did not make a valid assignment of her interest by filing the ineffective disclaimer.

As the disclaimer was, in effect, a nullity, we must consider whether Sue's lawsuit contesting the validity of the will fell under the terms of the no-contest clause so as to work a forfeiture of her interest under

4. Tex.Prob.Code Ann. § 37A (Vernon Supp. 1992).

the will.[5] The only information in the record regarding this suit is that it contested the validity of the will and was later dismissed. The mere filing of a will contest is not sufficient to invoke the harsh remedy of forfeiture under a no-contest clause if the contest is later dismissed prior to any legal proceedings being held on the contest and if the action is not dismissed pursuant to an agreement settling the suit. *Sheffield v. Scott,* 662 S.W.2d 674, 676–77 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Our holding is subject to the caveat that the no-contest clause under consideration here did not expressly provide that the mere filing of a contest was sufficient to invoke the clause. The effect of such a provision upon the filing and dismissal of a will contest is not before us and might present a different question.

■ Therefore, we find that the filing and dismissal of the lawsuit filed by Sue Hamill Harrell was not sufficient to invoke the forfeiture provisions of the no-contest clause. Appellant's first point of error is overruled insofar as it challenges the award to Sue.

### Point of Error No. 2

*Gloriadine Brashear, Carol Brashear and Betty Mowry*

■ As noted above, in this point, appellant contends that Gloriadine, Carol and Betty (appellees) violated the *in terrorem* clause in the will when they opposed the temporary administrator's payment of a debt to Citizens National Bank of Lubbock. He argues that when these appellees challenged the payment of the $7,791.15 debt, the challenge amounted to a contest of the "validity of ... [a] provision of the will" as prohibited by the no-contest clause and was an attempt to thwart the intent of the testatrix. The provision in question, paragraph 1(g), reads:

All cash, checking accounts, savings accounts ... and the agency accounts ... shall be used to pay any debts and taxes which may be payable because of my death and administrative expenses, which debts,

taxes and administrative expenses are applicable to the inheritance ... by my daughters, BETTY JO MOWRY and GLORIADINE BRASHEAR and issue of my said daughters.

We again note the rule that *in terrorem* clauses are to be strictly construed, thereby avoiding forfeiture if possible, and that a breach of such a clause will be declared only when the acts of the parties clearly fall within the express terms of the clause. *Gunter v. Pogue,* 672 S.W.2d at 842; *Sheffield v. Scott,* 662 S.W.2d at 676.

In pursuance of that rule, in the *Matter of Estate of Hodges,* 725 S.W.2d 265, 268 (Tex. App.—Amarillo 1986, writ ref'd n.r.e.), we held that an action seeking a declaratory judgment that a non-beneficiary executor had no standing to contest a family settlement agreement was an action to construe, rather than to contest, the will. Again, in *Estate of Newbill,* 781 S.W.2d 727, 729 (Tex. App.—Amarillo 1989, no writ), we held that an action challenging the suitability of an executor named in a will was not an attempt to contest the will but was, rather, an effort to carry out the testatrix's intent that the executor be a suitable person to fulfill the obligations of the position.

Paragraph 1(g) of the instant will directed the administrator to use testatrix's assets "to pay any debts and taxes which [were] payable because of [the testatrix's] death and administrative expenses...." An action to determine the validity of a debt assertedly owed by an estate is of like nature to those actions considered by us in *Hodges* and *Newbill.* Such an action would be in pursuance of an obligation under the will to ascertain whether any such debts were properly payable and would not constitute a contest of the will.

Additionally, we note that these appellees did not initiate the suit but, rather, were cross-defendants in the cause. Even assuming arguendo that the suit in question was a will contest, a holding we specifically do not make, the clause in question specifically ex-

---

5. As we have determined that the disclaimer was invalid and did not pass the property as an assignment, we need not address the propriety of the motion to rescind the disclaimer, the order allowing rescission, or the failure to give appropriate notice of the motion.

cluded party defendants to such actions. Appellant's second point of error is overruled.

In summary, that portion of the trial court judgment distributing the estate to Sue, Gloriadine, Betty, and Carol is affirmed. However, the portion of the judgment distributing the estate to Jane is reversed. The cause is remanded to the trial court for entry of a judgment in compliance with this decision.