NO. 07-07-0347-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 25, 2008

______________________________


IN THE MATTER OF THE MARRIAGE OF

LEONARDO BENITEZ, SR. AND YOLANDA C. BENITEZ

_________________________________

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-535-474; HONORABLE PAULA LANEHART, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL, J., and REAVIS, S.J.




MEMORANDUM OPINION
 

          Presenting one issue, appellant Yolanda C. Benitez contends the trial court erred
in finding that the former residence was not transferred by a parol gift and subjecting it to
the disposition of the court as community property. We affirm.
          Because the case was tried without a jury and neither party requested the trial court
make findings of fact and conclusions of law, a detailed restatement of the facts and
evidence is not necessary. During their marriage, in August 1976, the parties purchased
a residence at 2712 2nd Place, Lubbock, Texas, and resided therein until they moved to
Houston in 1995. At trial, Yolanda testified that she and Leonardo made a parol gift of the
residence to her son by a former marriage. The parties did not execute a deed or make
any written memoranda of the alleged gift but did permit Yolanda’s son to reside in the
house and pay the monthly installments on the first lien as they accrued. At trial, Leonardo
testified that he did not intend to make a gift of the residence. Although Jason testified as
a witness, he was not a party to the proceeding. Among other things, the decree provided
that Yolanda failed to prove that the property was a gift to her son, Jason. At the time of
trial, Yolanda and Leonardo remained the record owners of the property which the trial
court awarded to Leonardo. 
Standard of Review
No Findings or Conclusions of Law
 
          Rule 296 of the Texas Rules of Civil Procedure authorizes requests for findings of
fact and conclusions of law in a nonjury case. Where, as here, neither party requested
findings of fact and conclusions of law and a reporter’s record has been provided, we
presume that the trial court found all fact questions in support of its judgment and must
affirm the judgment on any legal theory supported by the pleadings and evidence. Point
Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987). When a reporter’s
record has been provided, the implied findings may be challenged for legal and factual
insufficiency “the same as jury findings or a trial court’s findings of fact.” Roberson v.
Robinson, 768 S.W.2d 280, 281 (Tex. 1989). 
          By her sole issue, Yolanda contends the trial court erred in finding that the parties
did not make a parol gift of the property. We disagree. 
          A conclusion of law that a gift was made must be supported by findings that (1) the
parties intended to make a gift:; (2) delivery of the property; and (3) acceptance of the
property. However, the intention of the donors is the “principal issue in determining
whether a gift has been made.” In Re Estate of Hamill, 866 S.W.2d 339, 344 (Tex.App.--
Amarillo 1993, no pet.). In her brief, Yolanda does not discuss the testimony of Leonardo
regarding the alleged gift of the house or develop her contention why it did not raise a fact
issue as to the intention of the parties. Considering the testimony of Leonardo that his
wife’s testimony regarding a gift to her son was not true, and because it was the province
of the trial court, as the fact finder, to resolve the conflicts and inconsistencies in the
testimony by judging the credibility of the witnesses and the weight to be given their
testimony, see Jones v. Hutchinson County, 615 S.W.2d 927, 932 (Tex.App.–Amarillo
1981, no pet.), we conclude the trial court did not err in considering the property part of the
community estate and subject to division among the parties. Yolanda’s sole point of error
is overruled.
          Consequently, the trial court’s judgment is affirmed. 
 
 
 Don H. Reavis

                                                                           Senior Justice (Ret)