NO. 07-07-0347-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 25, 2008

_____

IN THE MATTER OF THE MARRIAGE OF

LEONARDO BENITEZ, SR. AND YOLANDA C. BENITEZ

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-535-474; HONORABLE PAULA LANEHART, JUDGE

_____

Before QUINN, C.J., and CAMPBELL, J., and REAVIS, S.J.[1]

**MEMORANDUM OPINION**

Presenting one issue, appellant Yolanda C. Benitez contends the trial court erred in finding that the former residence was not transferred by a parol gift and subjecting it to the disposition of the court as community property. We affirm.

Because the case was tried without a jury and neither party requested the trial court make findings of fact and conclusions of law, a detailed restatement of the facts and

---

[1]Don H. Reavis, Senior Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

evidence is not necessary. During their marriage, in August 1976, the parties purchased a residence at 2712 2nd Place, Lubbock, Texas, and resided therein until they moved to Houston in 1995. At trial, Yolanda testified that she and Leonardo made a parol gift of the residence to her son by a former marriage. The parties did not execute a deed or make any written memoranda of the alleged gift but did permit Yolanda's son to reside in the house and pay the monthly installments on the first lien as they accrued. At trial, Leonardo testified that he did not intend to make a gift of the residence. Although Jason testified as a witness, he was not a party to the proceeding. Among other things, the decree provided that Yolanda failed to prove that the property was a gift to her son, Jason. At the time of trial, Yolanda and Leonardo remained the record owners of the property which the trial court awarded to Leonardo.

Standard of Review
No Findings or Conclusions of Law

Rule 296 of the Texas Rules of Civil Procedure authorizes requests for findings of fact and conclusions of law in a nonjury case. Where, as here, neither party requested findings of fact and conclusions of law and a reporter's record has been provided, we presume that the trial court found all fact questions in support of its judgment and must affirm the judgment on any legal theory supported by the pleadings and evidence. Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987). When a reporter's record has been provided, the implied findings may be challenged for legal and factual insufficiency "the same as jury findings or a trial court's findings of fact." Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989).

By her sole issue, Yolanda contends the trial court erred in finding that the parties did not make a parol gift of the property. We disagree.

A conclusion of law that a gift was made must be supported by findings that (1) the parties intended to make a gift:; (2) delivery of the property; and (3) acceptance of the property. However, the intention of the donors is the "principal issue in determining whether a gift has been made." In Re Estate of Hamill, 866 S.W.2d 339, 344 (Tex.App.--Amarillo 1993, no pet.). In her brief, Yolanda does not discuss the testimony of Leonardo regarding the alleged gift of the house or develop her contention why it did not raise a fact issue as to the intention of the parties. Considering the testimony of Leonardo that his wife's testimony regarding a gift to her son was not true, and because it was the province of the trial court, as the fact finder, to resolve the conflicts and inconsistencies in the testimony by judging the credibility of the witnesses and the weight to be given their testimony, see Jones v. Hutchinson County, 615 S.W.2d 927, 932 (Tex.App.–Amarillo 1981, no pet.), we conclude the trial court did not err in considering the property part of the community estate and subject to division among the parties. Yolanda's sole point of error is overruled.

Consequently, the trial court's judgment is affirmed.


Don H. Reavis
Senior Justice (Ret)