

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00170-CV

IN THE ESTATE OF MAURICE
BOYLAN, DECEASED

----------

### FROM COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY
### TRIAL COURT NO. 27,159-E

----------

## MEMORANDUM OPINION[1]

----------

Appellant and cross-appellee Lonnie Boylan appeals the trial court's order finding appellee and cross-appellant Cooper Boylan liable to Lonnie for Lonnie's undelivered inheritance in his capacity as executor of their father's estate but not in his individual capacity. We modify the trial court's judgment and affirm it as modified.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

Maurice Boylan passed away in 2006. In his will, he named his son Cooper as executor of his estate. The will bequeathed a bank account to Cooper and to Maurice's only other child, Lonnie. Another bank account went to Cooper, Cooper's children, Lonnie and Lonnie's children. Cooper also received a large remainder of the estate. The will contained an in terrorem clause (also known as a no-contest clause) that stated:

> If any beneficiary under this Will shall in any manner contest or attack this Will or any of its provisions, any share or interest in my estate given to such contesting beneficiary under this Will is hereby revoked and shall be disposed of as part of the residue of my estate.

In September 2006, Cooper filed an application to probate the will. In October 2006, Lonnie filed his opposition to Cooper's application, claiming that Maurice lacked the testamentary capacity necessary to effectuate the distribution of his assets in accordance with his independent wishes and desires. After propounding a number of discovery requests, Lonnie's attorney wrote Lonnie, saying that based on the discovery responses, "I do not believe it is worthwhile to pursue further contest of your father's Will, especially since doing so could result in forfeiting that portion of his estate left to you." Lonnie then moved to dismiss his opposition in January 2008.

Believing that Lonnie violated the in terrorem clause and therefore forfeited his inheritance, Cooper distributed the estate with none going to Lonnie. Lonnie filed suit to compel an accounting, distribution of the assets, and closure of the

2

estate. He sued Cooper for breach of fiduciary duty and sought a declaratory judgment that he had not forfeited his interest in the estate.

After a bench trial, the trial court found that Lonnie had not violated the in terrorem clause. It also found the Cooper had not breached his fiduciary duty as executor, but it awarded Lonnie the amounts devised to him in the will to be recovered from Cooper "in his capacity as executor" only. Lonnie moved to modify and correct the judgment to include recovery against Cooper individually. The motion was denied by operation of law, and Lonnie timely filed this appeal. Cooper then filed his cross-appeal.

## Discussion

### I. The in terrorem clause

Because Lonnie's claims are predicated on whether he violated the in terrorem clause, we address Cooper's cross-appeal first. In his first cross-issue, Cooper argues that the trial court's finding that Lonnie did not breach the in terrorem clause was against the great weight and preponderance of the evidence. In Cooper's second cross-issue, he attacks the trial court's findings of facts and conclusions of law related to whether Lonnie forfeited his inheritance.[2]

---

[2]The findings and conclusions that Cooper challenges are:

> 4. Lonnie filed his Opposition in good faith, and with just and/or probable cause.
>
> . . . .

3

Specifically, Cooper argues that Lonnie did not file and maintain his action with just cause and in good faith.

**A. Standard of review**

A trial court's findings of fact have the same force and dignity as a jury's answers to jury questions and are reviewable for legal and factual sufficiency of the evidence to support them by the same standards. *Catalina v. Blasdel*, 881

5. The filing of Lonnie's Opposition, on October 10, 2006, did not violate [the in terrorem clause] of the Last Will and Testament of Maurice L. Boylan, and did not result in forfeiture against Lonnie.

6. Lonnie's discovery requests served upon Cooper on August 21, 2007, did not violate [the in terrorem clause] of the Last Will and Testament of Maurice L. Boylan, and did not result in forfeiture against Lonnie.

7. Lonnie did not violate the terms of [the in terrorem clause] of the Last Will and Testament of Maurice L. Boylan, because any contest or attack that he raised prior to January 29, 2008[,] was voluntarily withdrawn prior to that date.

8. Lonnie prosecuted and maintained his Opposition (prior to voluntarily withdrawing it) in good faith, and with just and/or probable cause.

9. Cooper's failure to deliver any part of the Estate of Maurice L. Boylan to Lonnie was not excused by the Last Will and Testament of Maurice L. Boylan.

10. Lonnie did not forfeit his share of the Estate of Maurice L. Boylan, and he is entitled to such specific devise as it existed on the date of Maurice Boylan's death.

11. Cooper has been a fiduciary to Lonnie since his appointment as Independent Executor of the Estate of Maurice L. Boylan on January 29, 2008.

S.W.2d 295, 297 (Tex. 1994); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *see also MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 663 n.3 (Tex. 2009). We defer to unchallenged findings of fact that are supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the finding should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

Findings of fact are the exclusive province of the factfinder. *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744–45 (Tex. 1986). When conducting a factual sufficiency review, a court of appeals must not merely substitute its judgment for that of the trier of fact. *Golden Eagle Archery*, 116 S.W.3d at 761. The trier of fact is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *Id.*

**B. The evidence**

In terrorem clauses are intended to dissuade beneficiaries under a will or trust "from filing vexatious litigation, particularly as among family members, that

5

might thwart the intent of the grantor" by making the gifts under the instrument conditional on the beneficiaries not challenging the validity of the instrument. *Di Portanova v. Monroe*, 402 S.W.3d 711, 715 (Tex. App.—Houston [1st Dist.] 2012, no pet.). In terrorem clauses are strictly construed to avoid forfeiture when possible. *In re Estate of Hamill*, 866 S.W.2d 339, 342–43 (Tex. App.—Amarillo 1993, no writ) (citing *Sheffield v. Scott,* 662 S.W.2d 674, 676 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.)). Thus, courts have enforced in terrorem clauses only when the intention of a suit is to thwart the grantor's intention. *See Ferguson v. Ferguson*, 111 S.W.3d 589, 599 (Tex. App.—Fort Worth 2003, pet. denied); *see also Di Portanova*, 402 S.W.3d at 717 (listing "a myriad of different types of lawsuits" found not to have been filed with the intent of thwarting the grantor's intent). This good faith exception to in terrorem clauses has been codified in the estates code (and formerly, the probate code), and it provides:

> A provision in a will that would cause a forfeiture of or void a devise or provision in favor of a person for bringing any court action, including contesting a will, is enforceable unless in a court action determining whether the forfeiture clause should be enforced, the person who brought the action contrary to the forfeiture clause establishes by a preponderance of the evidence that:
>
> (1) just cause existed for bringing the action; and
>
> (2) the action was brought and maintained in good faith.

Tex. Estates Code Ann. § 254.005 (West 2014).

6

When asked why he filed his opposition, Lonnie testified, "For one reason and one reason only, [it] was to find out if my brother was lying to me and to find out exactly what my father intended for me to inherit." Cooper argues that Lonnie could not have filed his action in good faith because he had not seen a copy of the will before filing. Although there is much undefined regarding what falls under the good faith exception, it has long been held that filing suit to determine a testator's intent or to ascertain a beneficiary's interest under a will is not a suit intended to dispute the validity of the will. *See Calvery v. Calvery*, 55 S.W.2d 527, 530 (Tex. 1932) ("[W]e do not think a suit, brought in good faith and upon probable cause, to ascertain the real purpose and intention of the testator and to then enforce such purpose and intention, should be considered as an effort to vary the purpose and intention of the will."); *Lawrence v. Latch*, 424 S.W.2d 260, 263 (Tex. Civ. App.—Fort Worth 1968), *rev'd on other grounds*, 431 S.W.2d 307 (Tex. 1968).

As our sister court explained,

> [A] motion to contest a will is, like any other motion, merely a pleading that is the necessary vehicle by which the movant raises issues for resolution. A motion is not self-proving. If the mere filing of a motion to contest a will is, in and of itself, a contest of the will, this would be inconsistent with the legal significance of a motion. We believe that until such time as some further action is taken in an effort to thwart the intention of the testator, the mere filing of a contest motion is insufficient to cause a forfeiture under the *in terrorem* clause.

*Sheffield*, 662 S.W.2d at 677. Cooper does not dispute Lonnie's contention that Lonnie had not been able to see the will prior to filing his will contest. Nor does

7

he dispute Lonnie's testimony that once he had seen the will and had been assured by witnesses that Maurice had been mentally competent up until his death, Lonnie dismissed his opposition. Lonnie raised his issues for resolution through his opposition, and they were thus resolved. The evidence in this case does not show that Lonnie's filing of the will contest or the discovery he propounded while maintaining the action were actions intended to thwart the testator's intent. We therefore cannot say that the trial court's findings that Lonnie did not violate the in terrorem clause or forfeit his inheritance and that Cooper's failure to deliver Lonnie's bequest to him was not excused by the in terrorem clause are so against the great weight and preponderance of the evidence that they should be set aside. We overrule Cooper's two issues.

## II. Cooper's fiduciary duty

In his first issue, Lonnie argues that Cooper breached his fiduciary duty by failing to deliver Lonnie's bequest to him. Lonnie complains that the trial court concluded that Cooper was Lonnie's fiduciary as executor of the will, that Cooper willfully and intentionally failed to deliver Lonnie's inheritance to him, and that Cooper's failure was not excused by the will's terms, but it failed to conclude that Cooper breached his fiduciary duty to Lonnie. Instead, the trial court concluded that Cooper did not breach his fiduciary duty to Lonnie because "he acted in good faith reliance upon a mistaken belief that the *in terrorem* clause" had been triggered.

8

An executor's fiduciary duty to the estate's beneficiaries arises from the executor's status as trustee of the property of the estate. *Humane Soc'y v. Austin Nat'l Bank*, 531 S.W.2d 574, 577 (Tex. 1975). A trustee owes to his beneficiaries an unwavering duty of good faith, fair dealing, loyalty, and fidelity. *Herschbach v. City of Corpus Christi*, 883 S.W.2d 720, 735 (Tex. App.—Corpus Christi 1994, writ denied). This duty requires that a trustee exercise the judgment and care that persons of ordinary prudence, discretion, and intelligence exercise in the management of their own affairs. *Interfirst Bank Dallas, N.A. v. Risser*, 739 S.W.2d 882, 888 (Tex. App.—Texarkana 1987, no writ), *disapproved on other grounds by Tex. Commerce Bank, N.A.v. Grizzle*, 96 S.W.3d 240 (Tex. 2002). "A trustee commits breach of trust not only where he violates a duty in bad faith, or intentionally although in good faith, or negligently but also where he violates a duty because of a mistake." *Ertel v. O'Brien*, 852 S.W.2d 17, 21 (Tex. App.—Waco 1993, writ denied). Further, "good faith is no defense where the trustee has arbitrarily overstepped the bounds of his authority, or where he has not exercised diligence or has acted unreasonably, or has been guilty of such gross neglect as no reasonably intelligent person would consider proper." *Republic Nat'l Bank & Trust Co. v. Bruce*, 105 S.W.2d 882, 885 (Tex. 1937); *see Jewett v. Capital Nat'l Bank of Austin*, 618 S.W.2d 109, 112 (Tex. App.—Waco 1981, writ ref'd n.r.e.) (holding that a trustee can so negligently exercise his fiduciary duty that his lack of diligence results in a breach of that duty). As the Restatement explains, a breach of trust based on mistake may be found

9

when a trustee interprets trust provisions as permitting certain action or inaction that a court later determines to be improper. A breach of trust may be found even though the trustee acted reasonably and in good faith, perhaps even in reliance on advice of counsel. Trustees can ordinarily be protected from this risk by obtaining instructions concerning uncertainties of law or interpretation.

Restatement (Third) of Trusts § 93 cmt. c (2012).

As we stated above, there is a long history of courts enforcing in terrorem clauses only when the intention of a suit is to thwart the grantor's intent and not when suit was filed to ascertain a beneficiary's interest under a will. *See Calvery*, 55 S.W.2d at 530; *Ferguson*, 111 S.W.3d at 599. Cooper testified that he "interpreted" Lonnie's opposition as a violation of the in terrorem clause and that he never sought judicial instruction or requested that the trial court enforce the in terrorem clause because he had already decided that Lonnie had breached it. There is no evidence that Cooper sought any professional or judicial guidance in interpreting the in terrorem clause. *See* Restatement (Third) of Trusts § 77 cmt. b(2), c ( "Taking the advice of legal counsel on such matters evidences prudence on the part of the trustee. . . . Lack of awareness or understanding of the terms of the trust normally will not excuse a trustee from liability."). Cooper's mistake was one of law, and the trial court correctly concluded that Cooper's failure to give Lonnie his inheritance was not excused by the language of the will. The defense of good faith was not available to him. *See Ertel*, 852 S.W.2d at 22 ("[T]he evidence of good faith is not a defense to breach of fiduciary duty."). Therefore, as a matter of law, the trial court erred by concluding that Cooper did

10

not breach his fiduciary duty because he acted in good faith. We sustain Lonnie's first issue.

**III. Individual liability**

In his second issue, Lonnie argues that the trial court erred by failing to hold Cooper individually liable for his breach of fiduciary duty. Cooper argues that because he acted in good faith, "his actions are justified so that he avoids personal liability." We have already said that good faith does not insulate an executor from liability for breach of fiduciary duty. Cooper does not direct us to any authority explaining how the defense of good faith can sever an executor's liability in his capacity as executor from his personal liability.

"A trustee who commits a breach of trust normally is not allowed to benefit individually from the breach, and the trustee is subject to liability to eliminate any such benefit." Restatement (Third) of Trusts § 100 cmt. c; *see Republic Nat'l Bank & Trust*, 105 S.W.2d at 885 ("Every violation by a trustee of a duty which equity lays on him, whether willful or forgetful, is a breach of trust, for which he is liable."). Because Cooper believed that Lonnie forfeited his portion of the estate (one half of the money in a bank account), that money was disposed as part of the residue of the estate. Under the terms of the will, the residue of the estate was distributed to Cooper. Cooper therefore personally benefited from Lonnie's alleged forfeiture.

11

Because Cooper personally benefitted from his breach of his fiduciary duty to Lonnie, he is personally liable to Lonnie to the extent of that breach. We therefore sustain Lonnie's second issue.

## IV. Interest

In his third issue, Lonnie argues that the trial court applied an incorrect measure of interest to his award. The trial court's final judgment ordered that Lonnie recover from Cooper $79,052.64 and interest on that amount of $3,952.63.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Lonnie filed a motion to modify and correct the judgment, but he did not object to the amount or calculation of the interest. Because Lonnie did not object to the trial court regarding the prejudgment interest, he has waived this issue on appeal. *See Meek v. Onstad*, 430 S.W.3d 601, 611 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding that appellant waived complaint regarding accrual date of prejudgment interest because he failed to raise it in his motion to modify judgment). We therefore overrule Lonnie's third issue.

12

## Conclusion

Having overruled Cooper's two issues and sustained Lonnie's first and second issues, we modify the judgment to include Cooper's individual liability for the bequests, pre- and postjudgment interest, and fees and expenses awarded. Having overruled Lonnie's third issue, we affirm the judgment as modified.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J., WALKER and GABRIEL, JJ.

DELIVERED:  February 12, 2015

13