George A. TATE, Benjamin Walter Tate and Lawrence Eugene Tate, Appellants,

v.

Carole SIEPIELSKI, Individually and as Guardian of the Estate of Michelle Lee Siepielski, Appellees.

No. 2–87–015–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 29, 1987.

Cantey, Hanger, Gooch, Munn & Collins and David C. Bakutis, Fort Worth, for appellants.

Hudson, Keltner, Smith, Brants & Sparks and William F. Peters, Jr., Fort Worth, for appellees.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellants filed suit in probate court for declaratory relief asking the court to construe and declare the effect of an instrument executed by appellee Carole Siepielski (Carole). The instrument was titled an "Affidavit of Disclaimer in Accordance with Section 37A of the Texas Probate Code". The intent shown within the affidavit was for Carole to disclaim any portion of the estate of her deceased father to the preference of her mother. The appellants in this matter are other heirs of the estate of the deceased father who contend that the instrument was not in fact a disclaimer governed by section 37A of the Probate Code, but effectively an assignment of Carol's interest to her mother. Carole counters that the instrument was a disclaimer, albeit invalid, relying upon the same section of the Probate Code. The trial court agreed with Carole, gave the effect she desired, and granted a summary judgment for her holding that the affidavit was an ineffective disclaimer under section 37A of the Probate Code.

We affirm.

In four points of error, appellant's claim the court erred and misconstrued the intent of the instrument; the court erred as a matter of law in construing an ambiguous instrument to give it an effect other than that plainly stated; and, erred as a matter of law in applying the savings clause of section 37A to give effect to the disclaimer different from that effect plain on its face.

The issue underlying the lawsuit began when Carole's father died intestate in 1979. In 1980, Carole had an attorney prepare,

and then she executed an instrument of the tenor as follows:

## AFFIDAVIT OF DISCLAIMER IN ACCORDANCE WITH SECTION 37A OF THE TEXAS PROBATE CODE

STATE OF TEXAS )
)
COUNTY OF TARRANT )

BEFORE ME, the undersigned Notary Public, in and for Tarrant County, Texas, on this day personally appeared Carole Lynn Siepielski, and on her oath did state:

My name is Carole Lynn Siepielski and I am an adult female entitled to receive certain property as a result of the death of my father, Merrill D. Tate. I am entitled to such property by reason of inheritance since my father died without a Will. I intend, by the execution of this instrument, to effect a disclaimer of the property described below, and am executing this affidavit in accordance with section 37A of the Texas Probate Code. I am making this disclaimer in behalf of my mother and widow of Merrill D. Tate, namely, Louise Bish Tate. I herewith disclaim and any and all right, title and interest to the following-described tract of land:

. . . .

This disclaimer is made for the purpose of vesting any and all title which I may have inherited through the death of my father in my mother, Louise Bish Tate, who is the widow of Merrill D. Tate, my father. This written memorandum herewith disclaims any present interest which I may own in the above-described real estate by reason of the intestate death of my father, Merrill D. Tate on the 18th day of July, 1979. As stated, my father died intestate. No administration of his estate has been commenced and no application for administration of his estate has been filed. My father, Merrill D. Tate, was a resident of Dallas County, Texas at the time of his death and for many years prior thereto. This disclaimer is irrevocable.

SIGNED this, the 22nd day of March, 1980.

At the time Carole executed the affidavit above, with the intent to pass on any share of her father's estate to her mother, Carole had one minor child, Michelle Lee Siepielski.

The Probate Code provides the following procedure in part to affect a disclaimer under the law for a person not wishing to take property of a decedent. The applicable portion is as follows:

Means of Evidencing Disclaimer or Renunciation of Property or Interest Receivable from a Decedent Under a Will or by an Inheritance

Any person ... who may be entitled to receive any property from a decedent by an insurance contract or under any will of or by inheritance from a decedent and who intends to effect disclaimer irrevocably on or after September 1, 1977, of the whole or any part of such property shall evidence same as herein provided. A disclaimer evidenced as provided herein, shall be effective as of the death of decedent and the property subject thereof shall pass as if the person disclaiming or on whose behalf a disclaimer is made had predeceased the decedent unless decedent's will provides otherwise. Failure to comply with the provisions hereof shall render such disclaimer ineffective except as an assignment of such property to those who would have received same had the person attempting the disclaimer died prior to the decedent.

TEX.PROB.CODE ANN. sec. 37A (Vernon 1980).

 It is clear as a matter of law, that a disclaimer, if it is to be given effect, can only be held to pass on the estate of a deceased person (bypassing one of the heirs at law) to those remaining heirs at law who would take otherwise. This is exactly what the trial court held the disclaimer did in this case. The trial court concluded that the disclaimer was ineffective to pass the estate to the named heir specifically. Therefore, the court gave effect to the provision of the statute which provided that the property would go to the

person who would have received the same (Carole's minor daughter) had the person attempting the disclaimer (Carole) died prior to the decedent.

Appellants argue that the trial court should *not* have held that the attempted disclaimer was a "disclaimer" and further that the trial court should have construed the instrument to be an assignment of Carole's interest in the property to her mother. There is no authority shown by appellants for such action by the trial court, and we know of none.

As proposed authority, appellants' argue that in looking at the instrument signed by Carole there is no doubt that it was not a disclaimer under section 37A. In construing instruments, they argue, whether it be wills, contracts or legal documents, it is basic black letter law that one looks at the four corners of the instrument. They cite *Coker v. Coker*, 650 S.W.2d 391 (Tex.1983). We agree with their basic legal position. However, under the facts of this case, there is no authority for the court to construe the instrument, clearly called and intended to be a disclaimer under section 37A of the Probate Code, to be an assignment solely because the disclaimer attempted to designate property to a specific heir to the exclusion of others. It is clear to us that the Probate Code provides for whose benefit any disclaimer is to be made, that is for the heirs at law, and does not permit disclaimers to designate a particular person to take the property. The Probate Code then further provides for circumstances where the attempted disclaimer is ineffective at law. We hold that a trial court is not required to construe the disclaimer to be an assignment to a specific person when the disclaimer meets all other requirements of the statute, and the statute otherwise provides what the distribution will be.

We have examined the authority of the appellants contained in the remainder of their brief and find that their points of error under the authorities cited therein are without merit. We do not find the instrument to be ambiguous, nor do we find the instrument to be anything other than what the trial court concluded it was, an ineffective attempted disclaimer at law.

We note that the judgment of the trial court in granting summary judgment against the appellants has effectively put into effect provisions of section 38 of the Texas Probate Code: *Persons Who Take Upon Intestacy*. In this matter, because Michelle Lee Siepielski would have received the same interest in her grandfather's estate had her mother Carole predeceased her grandfather, the ineffective disclaimer has served the purpose of an assignment of that interest to her, which is precisely the result required in section 37A of the Probate Code. It would be a clear injustice in this matter to find that the trial court had committed error in its ruling. We hold the trial court committed no error. We overrule all four points of error.

The judgment is affirmed.