**Geneva A. THOMPSON, Timothy E. Thompson, and David M. Thompson, Appellants,**

**v.**

**Marilyn Thompson LAWSON, Bernice Thompson Willis, and Isaac James Thompson, Jr., Appellees.**

**No. 11–89–252–CV.**

Court of Appeals of Texas, Eastland.

July 12, 1990.

Rehearing Denied Aug. 23, 1990.

---

Elton Montgomery, Stanley Peavy, III, The Montgomery Law Firm, Graham, for appellants.

John D. Mixon, Brown, Herman, Scott, Dean & Miles, Fort Worth, for appellees.

## OPINION

McCLOUD, Chief Justice.

The principal issue in this summary judgment case is the effect of an "ineffective" disclaimer filed under TEX.PROB.CODE ANN. § 37A (Vernon Supp.1990).

On April 13, 1957, Geneva A. Thompson married Isaac J. Thompson, Sr. At that time, Isaac J. Thompson, Sr., had three children by a prior marriage, Marilyn Thompson, Bernice Thompson, and Isaac James Thompson, Jr. Two children, Timothy E. Thompson and David M. Thompson, were born of the marriage of Isaac J. Thompson, Sr., and Geneva A. Thompson. Isaac J. Thompson, Sr., died on August 16, 1984. On October 2, 1984, the will of Isaac J. Thompson, Sr., which devised all of his property to his wife, Geneva A. Thompson, was admitted to probate. Pursuant to Section 37A of the Probate Code, Geneva A. Thompson filed on February 15, 1985, in the probate court a "partial disclaimer." She purported to renounce and disclaim any interest in $131,650 in cash and in a 21-acre tract devised to her and owned by Isaac J. Thompson, Sr., at the time of his death.

Plaintiffs, Marilyn Thompson Lawson, Bernice Thompson Willis, and Isaac James Thompson, Jr., (the three children of the prior marriage) sued defendants, Geneva A. Thompson and her two children, Timothy E. Thompson and David M. Thompson, contending that they owned 3/5ths of the property disclaimed. The defendants answered that the partial disclaimer was filed by Geneva A. Thompson as a means of making a gift to her two children, Timothy and David, and that she had no intention of making a gift to plaintiffs. She pleaded that she relied upon the advice of her attorney and accountant in signing and filing the partial disclaimer.

The trial court granted plaintiffs' motion for summary judgment and awarded plaintiffs $78,990 (3/5ths of $131,650) plus a 3/5ths interest in the 21-acre tract. Defendants appeal. We reverse and remand.

Section 37A of the Probate Code which regulates a devisee's or legatee's power to renounce or disclaim a testamentary gift provides in part:

A disclaimer evidenced as provided herein, shall be effective as of the death of decedent and the property subject thereof shall pass as if the person disclaiming or on whose behalf a disclaimer is made had predeceased the decedent unless decedent's will provides otherwise. Failure to comply with the provisions hereof shall render such disclaimer *ineffective except as an assignment* of such property to those who would have received same had the person attempting the disclaimer died prior to the decedent. (Emphasis added)

Paragraphs (a) and (b) contain several requirements that must be met in order for the disclaimer to be effective. Paragraph (f) states:

Disclaimer After Acceptance. No disclaimer shall be effective after the acceptance of the property by the beneficiary. For the purpose of this section,

acceptance shall occur only if the person making such disclaimer has previously taken possession or exercised dominion and control of such property in the capacity of beneficiary.

The summary judgment proof raises a question of fact as to whether Geneva A. Thompson executed the disclaimer after she took possession of and exercised control over the property. A question of fact has clearly been raised as to whether the disclaimer is effective.

The thrust of plaintiffs' argument is that, even if the disclaimer was ineffective (because Geneva A. Thompson had previously exercised dominion and control over the disclaimed property), it was nevertheless effective as an "assignment" to the five children of Isaac J. Thompson, Sr., because the three plaintiffs and David and Timothy Thompson are "those who would have received same [the disclaimed property] had the person attempting the disclaimer died prior to the decedent."

We think that the language in Section 37A providing that a failure to comply with the provisions thereof will render the disclaimer "ineffective except as an assignment" requires that, in order to be an assignment, the ineffective disclaimer must satisfy the requirements of an assignment. It is stated in TEX.PROB.CODE ANN. § 37B (Vernon Supp.1990) that a person who does not disclaim the property under Section 37A "may assign the property or interest in property to any person." Paragraph (d) of Section 37B provides that an assignment under Section 37B is a "gift" to the assignee and is not a disclaimer or renunciation under Section 37A. We hold that an "assignment" under Section 37A (which results from an ineffective disclaimer) is likewise a "gift." Such assignment will constitute a gift (to those who would have received the property had the person attempting the disclaimer died prior to the decedent) if the requirements of an assignment are fulfilled.

Intent of the donor is the principal issue in determining the existence of a gift. It is stated in 41 TEX.JUR.3d *Gifts* § 8 (1985):

When no donative intent appears, there is no gift. The intent must be to make a gift to the donee immediately.

The court in *Grimsley v. Grimsley*, 632 S.W.2d 174 (Tex.App.—Corpus Christi 1982, no writ), stated:

The well-established rule of law regarding gifts is that three elements are necessary to establish the existence of a gift: They are: (1) intent to make a gift; (2) delivery of the property, and (3) acceptance of the property.

The affidavit of Geneva A. Thompson states that she executed the disclaimer because of estate tax advice and because she was told that only her two sons, Timothy and David, would benefit from the disclaimer. The disclaimed property was delivered to Timothy and David. Geneva A. Thompson states that she received no consideration of any kind for executing the instrument and that she had no donative intent of any kind except as to her two sons. Geneva A. Thompson stated in her affidavit that she had no intent to disclaim or make any gift to benefit her stepchildren. None of the property was placed in the possession of the plaintiffs.

The case of *Tate v. Siepielski*, 740 S.W.2d 92 (Tex.App.—Fort Worth 1987, no writ), cited by plaintiffs, is distinguishable. In *Tate*, the beneficiary executed a disclaimer under Section 37A purporting to disclaim to her mother all the property that the beneficiary had inherited from her deceased father. At the time she executed the disclaimer, the beneficiary had a minor child. At the time of trial, the beneficiary was contending that the designation of her mother was invalid under Section 37A and that the instrument passed the property to her minor daughter. The trial court agreed with the beneficiary. The Fort Worth Court of Appeals affirmed the trial court holding that a disclaimer under Section 37A cannot designate a particular person to take the property.[1] The court con-

---

1. The disclaimer in *Tate* was signed on March 22, 1980. Section 37B, which became effective on September 1, 1985, expressly provides that a person who does not disclaim the property under Section 37A "may assign the property ... to any person."

cluded that the trial court was not required to construe the ineffective disclaimer as an assignment to the beneficiary's mother.[2] The court approved the ruling of the trial court which:

> [G]ave effect to the provision of the statute which provided that the property would go to the person who would have received the same [the beneficiary's minor daughter] had the person attempting the disclaimer [the beneficiary] died prior to the decedent.

The Fort Worth Court held that, although it was ineffective, the disclaimer was nevertheless an assignment of the property under Section 37A to "those who would have received same had the person attempting the disclaimer died prior to the decedent." In *Tate*, the beneficiary was contending at trial that the property should pass to her minor daughter. She did not contend that she had no intent to give the property to her daughter. In the instant case, Geneva A. Thompson, the beneficiary, has stated by affidavit that she, at no time, intended that any of her property should pass to the plaintiffs.

We point out that Paragraph (d) of Section 37A which provides that "any disclaimer filed and served under this section shall be irrevocable" applies only to a "disclaimer" and not to an ineffective disclaimer which passes the property "as an assignment."[3] We further note that there are no bona fide purchasers involved in this suit.

The summary judgment proof raises material questions of fact as to whether the disclaimer filed by Geneva A. Thompson was effective. If the disclaimer is ineffective, material issues of fact exist as to whether Geneva A. Thompson intended to make a gift of her property to the plaintiffs. Since material questions of fact exist, the trial court erred in granting the plaintiffs a summary judgment. TEX.R. CIV.P. 166a.

The judgment of the trial court is reversed, and the cause is remanded.

---

**2.** It is stated in 10 BAILEY, TEXAS LAW OF WILLS § 580.5 (Texas Practice Supp.1990) that the court in *Tate v. Siepielski,* supra, "could have construed the attempted designation by the daughter as a destruction of the renunciation thereby causing an assignment of the property to the widow."

**3.** Section 37A was obviously written to take advantage of certain tax regulations. 26 U.S. C.A. § 2518 (West 1979) provides that a "qualified disclaimer" must be irrevocable. Different tax consequences will no doubt follow if the property passes as an assignment.