TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00234-CV






George Zegub/Gloria Zegub Manos and Charlene Zegub, Appellants



v.



Gloria Zegub Manos; Charlene Zegub, as Independent Executrix of the Estate of Lewis


Zegub; Dean Zegub; Lyle Zegub; Mike Manos, III; Kelly Schievelbein;and Nancy


Scherer, Administratrix of the Estate of Victoria Zegub/George Zegub, Appellees







FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 58,222-A, HONORABLE GUY S. HERMAN, JUDGE PRESIDING







 George Zegub, Jr. appeals the probate court's declaratory judgment resolving
various issues in his mother's estate. (1) We will affirm.


Factual Background


 George Zegub, Sr. ("George Sr.") and Victoria Joseph Zegub ("Victoria") were
husband and wife and had three children: Lewis J. Zegub ("Lewis"), Gloria Zegub Manos
("Gloria") and George Zegub, Jr. ("George Jr.") (collectively "Zegub children"). George Sr.
died intestate on October 22, 1976, survived by Victoria and the Zegub children. At the time of
George Sr.'s death, the Zegub children had the following children: Lewis (Kelly Schievelbein);
Gloria (Mike Manos, III); and George Jr. (Georgia Ford, Dini Nash, Dean Zegub, and Lyle
E.M.Zegub) (collectively "Zegub grandchildren"). Because George Sr. died intestate, under
section 45 of the Probate Code then in effect, Victoria would have retained her half of the
community estate and George Sr.'s half would have passed in equal undivided one-third interests
to the Zegub children. Act of March 17, 1955, 54th Leg., R.S., ch. 55, sec. 45, 1955 Tex. Gen.
Laws 88, 103 (Tex. Prob. Code Ann. § 45, since amended).

 On December 1, 1976, the Zegub children, intending to "disclaim" their father's
share of the community marital estate and pass their inherited interests to their mother, each
signed a disclaimer (2) pursuant to section 37A of the Probate Code. See Tex. Prob. Code Ann. §
37A (West Supp. 2000). The Zegub children believed the disclaimer was effective to give George
Sr.'s one-half community share of the marital estate which they inherited in undivided one-third
interests to Victoria. After the date of the disclaimer, all interested parties treated the disclaimer
as having passed George Sr.'s property to Victoria. Victoria administered George Sr.'s estate
which closed following approval of a final accounting by order dated March 28, 1978. The order
awarded George Sr.'s entire estate to Victoria as his sole heir at law. George Sr. owned no
separate property and all marital property owned by George Sr. and Victoria was community
property. 

 In 1982, Victoria transferred real property located at 607 East 3rd Street to George
Jr. The City of Austin subsequently condemned the property and George Jr. received $250,000. 
On October 26, 1983, Victoria signed a will which indicated that she wanted the inter vivos
transfer to George Jr. to be taken into consideration when her estate was divided to insure that all
Zegub children received an equal share of her estate. Victoria died testate (3) on May 28, 1991
survived by all the Zegub children and grandchildren. Her will was admitted to probate on June
7, 1991. The Zegub children entered a written settlement agreement ("Family Settlement
Agreement") on December 13, 1991, which attempted to equitably divide Victoria's estate given
the value of the inter vivos transfer to George Jr. compared to the value of Victoria's estate.

 Despite the Family Settlement Agreement, George Jr. remained dissatisfied and
eventually filed a partition suit in district court seeking to partition the tracts of land and to divide
the proceeds among the Zegub children and Zegub grandchildren according to their interests. 
Charlene (4) and Gloria filed an adverse probate action in Victoria's pending probate seeking, among
other matters, a reformation or recission of the disclaimer (5) and for reimbursement from George
Jr. to Lewis' Estate and Gloria to equalize their respective shares of Victoria's estate, in light of
the inter vivos transfer to George Jr. Gloria and Charlene also sought a transfer of George Jr.'s 
partition suit into the probate court, which the probate court granted.

 In the declaratory judgment, the probate court found that the disclaimer did not
transfer the Zegub children's interests in their father's estate to their mother. The probate court
found that the disclaimer moved the Zegub children's interests "downstream" to the Zegub
grandchildren, not "upstream" to Victoria. Because the disclaimer was valid despite the
children's contrary intent, the probate court refused to set it aside. Although the Zegub
grandchildren inherited George Sr.'s one-half community share of the marital estate, Victoria held
and used the personal property and the income from the real property until her death in 1991. 
The probate court characterized Victoria's possession of the personal property and rental proceeds
of the Zegub grandchildren as a resulting trust which terminated upon each grandchild reaching
majority. According to the probate court, Victoria had a fiduciary obligation to turn over a
proportionate share of the personal property and the rental proceeds to each of the grandchildren
as he or she reached eighteen. Victoria failed to do so. None of the Zegub grandchildren received
their inheritance or requested their property from Victoria before her death and none filed suit for
conversion within four years of reaching majority.

 Two of George Jr.'s children, Dean and Lyle, filed the first suits for damages in
November 1996. The probate court stated that these lawsuits tolled the statute of limitations as
to Dean and Lyle on their claims for income from the rental properties, but only for the four years
immediately preceding the filing dates. The probate court concluded that the Zegub
grandchildren's claims for tortious conversion of personal property were barred by the statute of
limitations.

 The probate court further found that the Zegub children entered the Family
Settlement Agreement based on the erroneous belief that Victoria owned one-hundred percent of
the real and personal property, rather than one-half. Accordingly, the probate court set aside the
agreement due to mutual mistake of the parties, and set aside the transfers of property made
pursuant to it. The probate court determined because George Jr. received real property which far
exceeded the total value of Victoria's estate and because Victoria's will clearly indicated her intent
that her children share equally in her estate, George Jr. was not entitled to take under the will. 
However, because Victoria operated under a unilateral mistake in believing that her estate would
be valued at least at twice the value of the property transferred to George Jr., the probate court
did not order George to reimburse the estate. The probate court made various awards of
attorney's fees as a result of the declaratory judgment. Only George Jr. appeals, raising six
issues.


Discussion


 We note at the outset that George Jr. failed to secure a reporter's record for our
review. See Tex. R. App. P. 35.3(b)(2)-(3). Accordingly, we are bound to assume that the
missing evidence supports the trial court's ruling. In re Spiegel, 6 S.W.3d 643, 646 (Tex. App.--
Amarillo 1999, no pet.) (citing Bryant v. United Shortline Inc. Assurance Servs., N.A., 972
S.W.2d 26,31 (Tex. 1998)). We will decide those issues raised which do not depend on the
reporter's record; however, we need not consider those issues that are dependent upon its presence
in the appellate record. Spiegel, 6 S.W.3d at 646 n.1. We turn first to those issues which are not
dependent upon a reporter's record.

 Because the disclaimer is the source of this controversy, we will address it first. 
George Jr. complains in his sixth issue of the probate court's conclusion that the disclaimer
effectively passed the interests of the Zegub children to the Zegub grandchildren rather than to
Victoria. Section 37A of the Probate Code provides that "the property subject to the disclaimer
shall pass as if the person disclaiming or on whose behalf a disclaimer is made had predeceased
the decedent and a future interest that would otherwise take effect in possession or enjoyment after
the termination of the estate or interest that is disclaimed takes effect as if the disclaiming
beneficiary had predeceased the decedent." Tex. Prob. Code Ann. § 37A (West Supp. 2000). 
A disclaimer will not be set aside merely because the person executing it intended that his or her
interest being disclaimed would go to a particular person, when it would not under the laws of
intestacy. See Northwestern Nat'l Cas. Co. v. Doucette, 817 S.W.2d 396, 401 (Tex. App.--Fort
Worth 1991, writ denied); Tate v. Siepielski, 740 S.W.2d 92, 94 (Tex. App.--Fort Worth 1987,
no writ).

 In both Doucette and Tate, the disclaiming parties intended to pass property
"upstream" to a parent by naming the parent in the disclaimer, when the laws of intestacy would
require the property be passed "downstream" to the persons who would have inherited had the
person attempting to disclaim died prior to the decedent. Doucette, 817 S.W.2d at 400-01; Tate
740 S.W.2d at 93. Notwithstanding the parties' contrary intentions, both courts held that so long
as the disclaiming instrument met all the requirements of the disclaimer statute, it would be
interpreted to have the effect of a disclaimer, which passed property "downstream." See
Doucette, 817 S.W.2d at 400-01; Tate, 740 S.W.2d at 94. Applying the rationale of these two
cases, the disclaimer executed by the Zegub children passed George Sr.'s one-half of the
community estate to the Zegub grandchildren. (6) Accordingly, the probate court appropriately
declared that the disclaimer executed by the Zegub children was valid, passed property to the
Zegub grandchildren despite contrary intentions, and could not be set aside. We overrule George
Jr.'s sixth issue.

 In his first issue, George Jr. complains of the transfer of his partition suit to the
probate court. Section 5B of the Texas Probate Code provides that a statutory probate court may,
on the motion of a party or on the motion of a person interested in the estate, transfer to itself
from a district court a cause of action appertaining to or incident to an estate pending in the
statutory probate court. Tex. Prob. Code Ann. § 5B (West Supp. 2000). Gloria and Charlene
requested the probate court to transfer the partition suit from district court. Because the probate
court in Travis County is a statutory probate court, Tex. Gov't Code Ann. § 25.2291(c) (West
Supp. 2000), the only question is whether the partition suit was "appertaining to or incident to an
estate." Tex. Prob. Code Ann. §5B (West Supp. 2000).

 George Jr., through his then-attorney, consented to the transfer of the partition
action as evidenced by the language of the Agreed Order on Motion for Transfer of Proceedings
and by his attorney's signature on the order. In addition, we conclude the transfer complied with
section 5B. Section 5A defines "appertaining to estates" or "incident to an estate" as including
"all claims by or against an estate, all actions for trial of title to land and for the enforcement of
liens thereon, all actions for trial of the right of property, all actions to construe wills, the
interpretation and administration of testamentary trusts and the applying of constructive trusts, and
generally all matters relating to the settlement, partition, and distribution of estates of deceased
persons." Tex. Prob. Code Ann. § 5A(b) (West Supp. 2000). George Jr. sought in his First
Amended Original Petition to partition three parcels of real property that were also at issue in the
adverse probate proceeding in probate court. Accordingly, the probate court correctly transferred
the partition action from the district court to itself. We overrule George Jr.'s complaints
regarding the transfer of the partition suit to the probate court. 

 In his third issue, George Jr. argues that the probate court lacked jurisdiction to
adjudicate any matters pertaining to Victoria's share of George Sr.'s estate because of the statute
of limitations. Citing section 55(a) of the Probate Code, which provides a four-year statute of
limitations for heirship determinations, George Jr. argues that the 1978 order was final and
unappealed, therefore, the grandchildren's claims are barred by limitations. See Tex. Prob. Code
Ann. § 55(a) (West 1980). Thus, according to George Jr.'s argument, the adverse probate action
should have been dismissed. 

 George Jr. confuses a jurisdictional argument with an argument about an
affirmative defense. Section 5(e) provides that "[a]ll courts exercising original probate
jurisdiction shall have the power to hear all matters incident to an estate." Tex. Prob. Code Ann.
§ 5(e) (West Supp. 2000). A matter "incident to an estate" includes among other things the
settlement, partition and distribution of estates. Tex. Prob. Code Ann. § 5A(b) (West Supp.
2000). For a probate court to obtain jurisdiction of a matter under section 5(e), the outcome of
the controversy must be necessary to the resolution of the particular estate. Bruflat v.
Rodeheaver, 830 S.W.2d 821, 823 (Tex. App.--Houston [1st Dist.] 1992, no writ). The
declaratory judgment and the partition suit involved the same property which the Zegub children
contended Victoria's will purported to devise to them. We conclude that the probate court had
jurisdiction over the declaratory judgment and the partition suit. We overrule George Jr.'s third
issue. 

 We now turn to the issues which require a reporter's record for an appropriate
review. In addition to the transfer matter, George Jr. raises a number of other alleged errors
committed by the probate court as part of his first issue. He argues that the court erred by: (1)
failing to allow the parties to implement the terms of their mediation; (2) disallowing any contest
of Victoria's will; (3) conducting a hearing on the merits to reconstruct Victoria's will vitiating
any of George Jr.'s defenses; and (4) prohibiting him from making the same challenges to the will
that were available to him in the original filing of the will for probate. These complaints require
an evidentiary review. Without a reporter's record, we must indulge every presumption in favor
of the trial court's findings. Bryant, 972 S.W.2d at 31. We overrule the remaining portions of
George Jr.'s first issue. 

 In his second issue, George Jr. challenges the probate court's conclusion that the
statute of limitations does not bar the Zegub grandchildren from asserting their interests received
as a result of the disclaimer executed by their parents. George Jr. contends that the
grandchildren's causes of action accrued when the probate court signed the March 28, 1978 Order
Approving Account for Final Settlement and Authorizing Distribution of the Estate which ordered
that all property belonging to the Estate of George Zegub Sr. remaining on hand after payment
of all debts and expenses shall be delivered to Victoria Zegub, as his sole heir. George Jr.
acknowledges that due to the Zegub grandchildren's minority, their causes of action were tolled
until each reached majority. However, because none of the Zegub grandchildren filed suit within
four years of turning eighteen, George Jr. contends they have no right to any of the property they
would have received as a result of the disclaimer executed in December 1976.

 The application of the statute of limitations in this case requires review of factual
issues which are not found in the clerk's record. Without a reporter's record we cannot properly
review this issue. Accordingly, we are left with the presumption that the record supports the
probate court's determination. We overrule George Jr.'s second issue.

 In his fourth issue, George Jr. complains that the probate court erred when it
prevented him from presenting evidence which showed that his prior attorney "owed a duty to him
to exercise ordinary care and diligence and was negligent" in his conduct with George Jr. We
cannot reach the question of whether the exclusion of evidence was proper unless the excluded
evidence is included in the record for our review. McInnes v. Yamaha Motor Corp.,U.S.A., 673
S.W.2d 185, 187 (Tex. 1984). Because the record contains no formal bill of exceptions and no
reporter's record with an offer of proof, we have nothing to review. We overrule George Jr.'s
fourth issue.

 In this fifth issue, George Jr. complains of the probate court's findings that he
engaged in dilatory and uncooperative conduct which influenced the probate court's awards of
attorney's fees. Review of this issue requires evidentiary matters which presumably would be
contained in a reporter's record. We have been presented with no reporter's record. 
Accordingly, we have nothing to review and we overrule George Jr.'s fifth issue. 


Conclusion


 Having overruled each of George Jr.'s issues, we affirm the probate court
judgment. 



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith 

Affirmed

Filed: June 22, 2000

Do Not Publish

1. Cross-Appellants filed a notice of appeal; however, their brief indicates that they no longer
challenge the unfavorable portions of the declaratory judgment and that they request this Court
to affirm the judgment. 
2. The disclaimer was a single document signed by all three Zegub children and provided as
follows:


We, Gloria Z. Manos, Lewis Zegub & George Zegub, in accordance with the
provisions of Section 37A of the Texas Probate Code, hereby disclaim any interest in
any property which I (sic) may be entitled to receive from the estate or by virtue of
the death of George Zegub, Sr., Deceased. 
3. The judgment recites that Victoria died "intestate," however, it also recites that she had a
will.
4. Charlene is Lewis' widow and the executor of his estate.
5. They later abandoned this argument.
6. Nothing in the record before this Court indicates the disclaimer fails to comply with the
requirements of section 37A of the Probate Code. 


first issue. He argues that the court erred by: (1)
failing to allow the parties to implement the terms of their mediation; (2) disallowing any contest
of Victoria's will; (3) conducting a hearing on the merits to reconstruct Victoria's will vitiating
any of George Jr.'s defenses; and (4) prohibiting him from making the same challenges to the will
that were available to him in the original filing of the will for probate. These complaints require
an evidentiary review. Without a reporter's record, we must indulge every presumption in favor
of the trial court's findings. Bryant, 972 S.W.2d at 31. We overrule the remaining portions of
George Jr.'s first issue. 

 In his second issue, George Jr. challenges the probate court's conclusion that the
statute of limitations does not bar the Zegub grandchildren from asserting their interests received
as a result of the disclaimer executed by their parents. George Jr. contends that the
grandchildren's causes of action accrued when the probate court signed the March 28, 1978 Order
Approving Account for Final Settlement and Authorizing Distribution of the Estate which ordered
that all property belonging to the Estate of George Zegub Sr. remaining on hand after payment
of all debts and expenses shall be delivered to Victoria Zegub, as his sole heir. George Jr.
acknowledges that due to the Zegub grandchildren's minority, their causes of action were tolled
until each reached majority. However, because none of the Zegub grandchildren filed suit within
four years of turning eighteen, George Jr. contends they have no right to any of the property they
would have received as a result of the disclaimer executed in December 1976.

 The application of the statute of limitations in this case requires review of factual
issues which are not found in the clerk's record. Without a reporter's record we cannot properly
review this issue. Accordingly, we are left with the presumption that the record supports the
probate court's determination. We overrule George Jr.'s second issue.

 In his fourth issue, George Jr. complains that the probate court erred when it
prevented him from presenting evidence which showed that his prior attorney "owed a duty to him
to exercise ordinary care and diligence and was negligent" in his conduct with George Jr. We
cannot reach the question of whether the exclusion of evidence was proper unless the excluded
evidence is included in the record for our review. McInnes v. Yamaha Motor Corp.,U.S.A., 673
S.W.2d 185, 187 (Tex. 1984). Because the record contains no formal bill of exceptions and no
reporter's record with an offer of proof, we have nothing to review. We overrule George Jr.'s
fourth issue.

 In this fifth issue, George Jr. complains of the probate court's findings that he
engaged in dilatory and uncooperative conduct which influenced the probate court's awards of
attorney's fees. Review of this issue requires evidentiary matters which presumably would be
contained in a reporter's record. We have been presented with no reporter's record. 
Accordingly, we have nothing to review and we overrule George Jr.'s fifth issue. 


Conclusion


 Having overruled each of George Jr.'s issues, we affirm the probate court
judgment. 



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith 

Affirmed

Filed: June 22, 2000

Do Not Publish

1. Cross-Appellants filed a notice of appeal; however, their brief indicates that they no longer
challenge the unfavorable portions of the declaratory judgment and that they request this Court
to affirm the judgment. 
2. The disclaimer was a single document signed by all three Zegub children and provided as
follows: