COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-265-CV

 

 

IN THE
ESTATE OF GEORGE ELBERT 

PEYROT, SR., DECEASED

 

 

                                                                                                        

 

                                              ------------

 

            FROM THE COUNTY
COURT AT LAW OF COOKE COUNTY

 

                                              ------------

 

                   MEMORANDUM OPINION ON REHEARING[1]

 

                                              ------------

 








Following the issuance of our original opinion,
Appellant George Peyrot, Jr. filed a motion for rehearing, arguing that we
erred in our analysis of the residuary clause because the language in that
clause cannot be reconciled and is ambiguous as a matter of law.  On rehearing, we hold that summary judgment
was not proper because the will=s
language was ambiguous, raising a fact issue concerning George Sr.=s
intent.  Therefore, we grant George Jr.=s motion
for rehearing, withdraw our prior opinion and judgment, and substitute this one
to more thoroughly address the ambiguity of the residuary clause.

 

I.  Introduction

This is an appeal from a summary judgment
interpreting the residuary clause in a will as a matter of law.  George Jr. argues in three issues that the
trial court erred by granting Appellees= motion
for summary judgment (1) because the trial court=s
interpretation of the residuary clause as a matter of law that Appellees were
contingent beneficiaries is not supported by the language in the residuary
clause, (2) because the language in the residuary clause was ambiguous, raising
a fact issue regarding the decedent=s
intent, and (3) because the disclaimer executed by the surviving wife created a
fact issue regarding her intent to execute the disclaimer.  Because we hold that the trial court erred by
granting summary judgment for Appellees, we will reverse and remand.

II.  Factual and Procedural Background

George Peyrot, Sr. died in 2003.  At the time of his death, George Sr. was survived
by his wife, Mary Elizabeth, and his son, George Jr.  Larry, George Sr.=s other
son, had predeceased George Sr. 
Appellees are Larry=s
children.

 








The residuary clause of George Sr.=s will
provided that

[a]ll the rest and
residue of my Estate of every kind and character, real, personal[,] and mixed,
I give, devise[,] and bequeath unto my wife, MARY ELIZABETH PEYROT, if she shall
survive me until six (6) months after my death or until this Will is probated,
whichever occurs first.  If my said wife
should not so survive me, then I give, devise[,] and bequeath my entire Estate
unto such of my children as shall survive me (such children taking per stirpes
and not per capita).  If
neither my wife nor any of my children survive me, then I give, devise[,] and
bequeath my entire Estate to those persons who are my heirs in law and next of
kin according to the statutes of descent and distribution in force in Texas at
the time of my death and in the same shares and portions as said persons would
take according to the provisions of said statutes of descent and distribution
with respect to each type of property being distributed.

 

After George Sr.=s will was admitted to probate,
Mary Elizabeth executed an irrevocable disclaimer, disclaiming her interest in
the property she was entitled to under the will.  The disclaimer was executed Ain favor
of George Elbert Peyrot, Jr.@








After Mary Elizabeth filed her disclaimer,
Appellees filed a petition for declaratory judgment to construe George Sr.=s will,
specifically, the residuary clause. 
Eventually, Appellees filed a motion for partial summary judgment
contending that as a matter of law the will entitled them to a per stirpes
distribution of Larry=s one-half of the estate.  The trial court granted Appellees= motion
and rendered a partial summary judgment, declaring that Aunder
the terms of Decedent=s Last Will and Testament dated
August 22, 1980[,] the residuary estate passes one-half to George Peyrot, Jr.
and one-half to the descendants of Larry Peyrot.@  This appeal followed.[2]

III.  The Disclaimer

In his third issue, George Jr. contends that the
instrument executed by Mary Elizabeth did not constitute a disclaimer under
section 37A of the Texas Probate Code because the language in the disclaimer
manifested an unequivocal intent for Mary Elizabeth=s
interest to pass to George Jr.  Thus,
George Jr. argues that the disclaimer is actually only an assignment.  








Section 37A of the probate code sets forth the
requirements of a disclaimer.  Tex. Prob. Code Ann. ' 37A
(Vernon 2003).  The disclaimer should be
titled Adisclaimer@ or Arenunciation,@ should
be in writing, should be notarized, and should be filed within nine months of
the decedent=s death in the probate court in
which the decedent's will has been probated or in which proceedings have been
commenced for the administration of the decedent's estate.  Id. '
37A(a)-(d).  Mary Elizabeth=s
disclaimer meets all of these requirements. 
The effect of a disclaimer is to pass the property that a beneficiary
would have received under a will or other instrument to the heirs who would
have taken had the disclaiming beneficiary predeceased the testator.  See id. '
37A.   

On the issue of whether a disclaimer executed Ain favor
of@ a
particular person can be construed as an assignment, this court has binding
precedent.  In Tate v. Siepielski,
740 S.W.2d 92 (Tex. App.CFort Worth 1987, no writ), we
dealt with this same issue and stated,

It is clear as a matter
of law, that a disclaimer, if it is to be given effect, can only be held to
pass on the estate of a deceased person (bypassing one of the heirs at law) to
those remaining heirs at law who would take otherwise. . . .  [U]nder the facts of this case, there is no
authority for the court to construe the instrument, clearly called and intended
to be a disclaimer under section 37A of the Probate Code, to be an assignment solely
because the disclaimer attempted to designate property to a specific heir to
the exclusion of others.  It is clear to
us that the Probate Code provides for whose benefit any disclaimer is to be
made, that is for the heirs at law, and does not permit disclaimers to
designate a particular person to take the property.  The Probate Code then further provides for
circumstances where the attempted disclaimer is ineffective at law.  We hold that a trial court is not required to
construe the disclaimer to be an assignment to a specific person when the
disclaimer meets all other requirements of the statute, and the statute
otherwise provides what the distribution will be.

 








Id. at 93-94. 
We cannot agree that Mary Elizabeth=s
disclaimer Ain favor of@ George
Jr. transformed the disclaimer into an assignment to George Jr.  Here, as in Tate, the trial court
could not construe the disclaimer to be an assignment to a specific person but
only to those who would have taken under George Sr.=s will
had Mary Elizabeth predeceased him.  See
id.; see also Tex. Prob. Code
Ann. ' 37A.








George Jr. also argues that the trial court erred
by giving effect to Mary Elizabeth=s
disclaimer because Appellees did not prove that Mary Elizabeth had not accepted
or taken possession of the property she disclaimed prior to filing the
disclaimer.  Tex. Prob. Code Ann. '
37A(g).  Appellees moved for summary
judgment in their declaratory judgment action, relying on Mary Elizabeth=s
disclaimer to trigger the applicability of the residuary clause of George Sr.=s
will.  The burden, therefore, was on
George Jr. to bring forward any controverting summary judgment evidence establishing
the invalidity of Mary Elizabeth=s
disclaimer.  See City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979) (stating that
once movant establishes right to summary judgment, nonmovant must come forward
with evidence or law that precludes summary judgment).  In fact, George Jr. filed an affidavit
executed by Mary Elizabeth with his summary judgment response, but nowhere in
the affidavit did Mary Elizabeth indicate in any manner that she had taken
possession of or exercised dominion and control over the disclaimed property in
her capacity as beneficiary before she filed her disclaimer.  Because no such summary judgment evidence was
presented to the trial court, the trial court correctly gave effect to the
disclaimer.  See Saunders v. Saunders,
No. 11-99-00344-CV, 2000 WL 34235214, at *4 (Tex. App.CEastland
Nov. 8, 2000, no pet.) (not designated for publication) (holding that
disclaimer conclusively established contingent beneficiary=s
entitlement to collect insurance proceeds absent controverting evidence).  We overrule George Jr.=s third
issue.

IV.  Residuary Clause

In his first and second issues, George Jr.
complains that the trial court erred by granting Appellees= motion
for partial summary judgment that, as a matter of law, Appellees were
contingent beneficiaries under the residuary clause of George Sr.=s
will.  George Jr. alternatively argues
that summary judgment was improper because the will=s
language was ambiguous, raising a fact issue concerning George Sr.=s
intent.  








The cardinal rule for construing a will requires
that the testator=s intent be ascertained by
looking to the provisions of the instrument as a whole, as set forth within the
four corners of the instrument.  San
Antonio Area Found. v. Lang, 35 S.W.3d 636, 639 (Tex. 2000); Perfect
Union Lodge No. 10, A.F. & A.M., of San Antonio v. Interfirst Bank of
San Antonio, N.A., 748 S.W.2d 218, 220 (Tex. 1988); Steger v. Muenster
Drilling Co., 134 S.W.3d 359, 372 (Tex. App.CFort
Worth 2003, pet. denied).  When the
intent of the testator is apparent on the face of the will, extrinsic evidence
is not admissible to show a contrary meaning. 
Harris v. Hines, 137 S.W.3d 898, 903 (Tex. App.CTexarkana
2004, no pet.) (citing Kirk v. Beard, 162 Tex. 144, 345 S.W.2d 267, 273
(1961)).  The question is not what the
testator intended to write, but the meaning of the words he actually used.  Lang, 35 S.W.3d at 639; Shriner=s Hosp.
for Crippled Children of Tex. v. Stahl, 610 S.W.2d 147, 151 (Tex.
1980); Steger, 134 S.W.3d at 372. 
Terms used are to be given their plain, ordinary, and generally accepted
meanings unless the instrument itself shows them to have been used in a
technical or different sense.  Steger,
134 S.W.3d at 372. 

If possible, all parts of the will must be
harmonized, and every sentence, clause, and word must be considered in
ascertaining the testator=s intent.  Id. 
We must presume that the testator placed nothing meaningless or
superfluous in the instrument.  Id.  In this light, courts must not redraft wills
to vary or add provisions Aunder
the guise of construction of the language of the will@ to
reach a presumed intent.  Stahl,
610 S.W.2d at 151.








Whether a will is ambiguous is a question of law
for the court.  Steger, 134 S.W.3d
at 373.  If the court can give a certain
or definite legal meaning or interpretation to the words used, the will is
unambiguous, and the court should construe it as a matter of law.  Id. 
A term is not ambiguous merely because of a simple lack of clarity or
because the parties proffer different interpretations of a term.  Id. 
Rather, a will is ambiguous only when the application of established
rules of construction leave its terms susceptible to more than one reasonable
meaning.  Id.  If a will is ambiguous, extrinsic evidence
should be considered to ascertain the testator=s
intent.  Eckels v. Davis, 111
S.W.3d 687, 694 (Tex. App.CFort
Worth 2003, pet. denied).








Accordingly, we must decide whether the plain,
ordinary meaning of the terms used in George Sr.=s will,
as a whole, showed his intention if Mary Elizabeth predeceased him, (1) to have
only his surviving son(s), if any, take all of the residuaryCthe
position espoused by George Jr.Cor (2)
to have the children, if any, of any predeceased son take the respective son=s
portion of the estateCthe position taken by Appellees.[3]  The residuary clause of George Sr.=s will
is quoted above, but to reiterate, the most critical language provides, AIf my
said wife should not so survive me, then I give, devise[,] and bequeath my
entire Estate unto such of my children as shall survive me (such children
taking per stirpes and not per capita).@

George Jr. argues that he is the sole member of
the class of surviving children and that the will=s
parenthetical language does not modify the class entitled to take the residuary
but instead refers only to the next sentence in the will, concerning the
disposition of the estate if George Sr. is predeceased by both his wife and all
of his children.  To accept George Jr.=s
interpretation, we must ignore the inclusion of the modifying parenthetical in
the sentence that identifies the class of beneficiaries taking in the event
Mary Elizabeth predeceases George Sr. and move it to the next sentence, which
identifies the class of beneficiaries taking in the event that neither Mary
Elizabeth nor George Sr.=s children survive him.  This interpretation disregards the sentence
structure of the pertinent language and renders the parenthetical language a
nullity.  This we cannot do.  See generally Perfect Union Lodge
No. 10, 748 S.W.2d at 220 (stating that will must be construed to give
effect to every part). 

Appellees contend that the devise of the
residuary to the class of George Sr.=s
surviving children is modified by the parenthetical A(such
children taking per stirpes and not per capita).@  According to Black=s Law
Dictionary, Aper stirpes@ means








[b]y roots or stocks; by
representation . . . . [D]erived from the civil law, [the term] is much used in
the law of descents and distribution, and denotes that method of dividing an
intestate estate where a class or group of distributees take the same share
which their deceased would have been entitled to, had he or she lived, taking
thus by their right of representing such ancestor, and not as so many
individuals.

 

Black=s Law Dictionary 1144 (6th ed. 1990).  Appellees argue that the use of the term Aper
stirpes@ in the
parenthetical in the residuary clause in George Sr.=s will
demonstrates his intent that the descendants of his children would take by
representation if one of them predeceased him.[4]  Thus, they argue that the parenthetical is a
nullity if given any other construction because the term Aper
stirpes@ is used
only to indicate that descendants take through a predeceased heir.  However, Appellees=
arguments disregard the survival language preceding the parenthetical.








Based on the parties=
arguments and after reviewing George Sr.=s will,
we determine that his intent is not apparent on the face of the will because
the language of the parenthetical in the residuary clause is susceptible to
more than one meaning.  There is no way
to give effect to both the survival requirement and the per stirpes requirement
without rendering one of the phrases meaningless, in violation of the rules for
interpreting wills.  Thus, we hold that
the residuary clause at issue is ambiguous.

Having held that the will is ambiguous, we may
look to extrinsic evidence to determine George Sr.=s
intent.  However, the record in this case
is devoid of any extrinsic evidence. 
Consequently, we are unable to resolve the ambiguity in the residuary
clause, leaving a fact issue as to George Sr.=s intent
in distributing the residue of his estate.  
Because George Sr.=s intention is not clearly
expressed and because we cannot conceive of a construction of George Sr.=s will
that would give effect to all of the language in it, we hold that the residuary
clause is ambiguous and that the trial court erred by granting summary judgment
in favor of Appellees.  See White,
760 S.W.2d at 244-45 (stating that supreme court was not accepting one party=s
arguments as entitling them to recover as a matter of law and then holding that
language in question was so ambiguous and uncertain in meaning as to require
trial on issue of testatrix=s intent
in using the language she used).  We
sustain George Jr.=s first and second issues.

 








V.  Conclusion

Having sustained George Jr.=s first
and second issues, we reverse the trial court=s
summary judgment in favor of Appellees and remand the case to the trial court.

 

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

CAYCE, C.J. concurs
without opinion.

 

DELIVERED:  July 13, 2006











[1]See Tex. R. App. P. 47.4.





[2]Appellees nonsuited their
claim for attorney=s fees and expenses, thus
making the order granting partial summary judgment a final judgment.





[3]We are mindful of the
fact that neither party argued in the trial court that the residuary clause was
ambiguous and that a document is not ambiguous merely because the parties
advance differing interpretations.  See
Columbia Gas Transmission Co. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589
(Tex. 1996).  However, because only an
unambiguous will can be construed as a matter of law, see Coker v. Coker,
650 S.W.2d 391, 393-94 (Tex. 1983), implicit in the trial court=s grant of summary
judgment for Appellees is a determination that the will is unambiguous.  Therefore, we will conduct our own analysis
of whether the residuary clause is ambiguous. 
See White v. Moore, 760 S.W.2d 242, 243 (Tex. 1988) (stating that
A[d]espite the parties= agreement that the will
is unambiguous as a matter of law, we conclude otherwise@).





[4]Appellees rely on In
re Estate of Williams, to support their argument because that court held
that the use of term Aper stirpes@ to modify a class gift
demonstrated the intent that descendants of the class members would take by
representation if class members predeceased the testatrix.  No. 08-98-00144-CV, 2000 WL 1053857, at *3
(Tex. App.CEl Paso Aug. 1, 2000, no
pet.) (not designated for publication). 
However, we note that Estate of Williams is not designated for
publication, has no precedential value, and is not binding on this court.  See Tex.
R. App. P. 47.7.  Therefore, for
the reasons stated herein, we decline to follow it.