In the Estate of George Elbert Peyrot, Sr., Deceased

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-265-CV

IN THE ESTATE OF GEORGE ELBERT 

PEYROT, SR., DECEASED

------------

FROM THE COUNTY COURT AT LAW OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

George Elbert Peyrot, Sr. died testate, and his surviving spouse, Mary Elizabeth Peyrot, disclaimed the interest in his estate that would have passed to her under his will.  The primary issue we address in this appeal is whether the trial court correctly construed the residuary clause of George Sr.’s will as devising George Sr.’s estate one-half to George Peyrot, Jr. and one-half per stirpes to the descendants of Larry Peyrot.  Because we hold that the trial court correctly construed George Sr.’s will, we will affirm the trial court’s summary judgment declaring this construction of the will.

II.  Factual and Procedural Background

George Sr. died in 2003.  At the time of his death, George Sr. was survived by his wife, Mary Elizabeth, and his son, George Jr.  Larry, George Sr.’s other son, had predeceased George Sr.  Appellees are Larry’s children. The residuary clause of George Sr.’s will provided that

[a]ll the rest and residue of my Estate of every kind and character, real, personal[,] and mixed, I give, devise[,] and bequeath unto my wife, MARY ELIZABETH PEYROT, if she shall survive me until six (6) months after my death or until this Will is probated, whichever occurs first.  If my said wife should not so survive me, then I give, devise[,] and bequeath my entire Estate unto such of my children as shall survive me (such children taking 
per
 
stirpes
 and not 
per
 
capita
).  If neither my wife nor any of my children survive me, then I give, devise[,] and bequeath my entire Estate to those persons who are my heirs in law and next of kin according to the statutes of descent and distribution in force in Texas at the time of my death and in the same shares and portions as said persons would take according to the provisions of said statutes of descent and distribution with respect to each type of property being distributed.

After George Sr.’s will was admitted to probate, Mary Elizabeth executed an irrevocable disclaimer, disclaiming her interest in property she was entitled to under the will.  The disclaimer was executed “in favor of George Elbert Peyrot, Jr.”

After Mary Elizabeth filed her disclaimer, Appellees filed a petition for declaratory judgment to construe George Sr.’s will, specifically, the residuary clause.  Eventually, Appellees filed a motion for partial summary judgment contending that as a matter of law the will entitled them to a per stirpes distribution of Larry’s one-half of the estate.  The trial court granted Appellees’ motion and rendered a partial summary judgment, declaring that “under the terms of Decedent’s Last Will and Testament dated August 22, 1980[,] the residuary estate passes one-half to George Peyrot, Jr. and one-half to the descendants of Larry Peyrot.”  This appeal followed.
(footnote: 2)
III.  The Disclaimer

In his third issue, George Jr. contends that the instrument executed by Mary Elizabeth did not constitute a disclaimer under section 37A of the Texas Probate Code because the language in the disclaimer manifested an unequivocal intent for Mary Elizabeth’s interest to pass to George Jr.  Thus, George Jr. argues that the disclaimer is actually only an assignment.  

Section 37A of the probate code sets forth the requirements of a disclaimer.  
Tex. Prob. Code Ann.
 § 37A (Vernon 2003).  The disclaimer should be titled “disclaimer” or “renunciation,” should be in writing, should be notarized, and should be filed within nine months of the decedent’s death in the probate court in which the decedent's will has been probated or in which proceedings have been commenced for the administration of the decedent's estate.  
Id.
 § 37A(a)-(d).  Mary Elizabeth’s disclaimer meets all of these requirements.  The effect of a disclaimer is to 
pass the property that a beneficiary would have received under a will or other instrument to the heirs who would have taken had the disclaiming beneficiary predeceased the testator.  
See id.
 § 37A.   

On the issue of whether a disclaimer executed “in favor of” a particular person can be construed as an assignment, this court has binding precedent.  In 
Tate v. Siepielski
, 740 S.W.2d 92 (Tex. App.—Fort Worth 1987, no writ), we dealt with this same issue and stated,

It is clear as a matter of law, that a disclaimer, if it is to be given effect, can only be held to pass on the estate of a deceased person (bypassing one of the heirs at law) to those remaining heirs at law who would take otherwise. . . .  [U]nder the facts of this case, there is no authority for the court to construe the instrument, clearly called and intended to be a disclaimer under section 37A of the Probate Code, to be an assignment solely because the disclaimer attempted to designate property to a specific heir to the exclusion of others.  It is clear to us that the Probate Code provides for whose benefit any disclaimer is to be made, that is for the heirs at law, and does not permit disclaimers to designate a particular person to take the property.  The Probate Code then further provides for circumstances where the attempted disclaimer is ineffective at law.  We hold that a trial court is not required to construe the disclaimer to be an assignment to a specific person when the disclaimer meets all other requirements of the statute, and the statute otherwise provides what the distribution will be.

Id.
 at 93-94.  We cannot agree that Mary Elizabeth’s disclaimer “in favor of” George Jr. transformed the disclaimer into an assignment to George Jr.  Here, as in 
Tate
, the trial court could not construe the disclaimer to be an assignment to a specific person but only to those who would have taken under George Sr.’s will had Mary Elizabeth predeceased him.  
See id.
; 
see also
 
Tex. Prob. Code Ann.
 § 37A.

George Jr. also argues that the trial court erred by giving effect to Mary Elizabeth’s disclaimer because Appellees did not prove that Mary Elizabeth had not accepted or taken possession of the property she disclaimed prior to filing the disclaimer.  
Tex. Prob. Code Ann.
 § 37A(g).  Appellees moved for summary judgment in their declaratory judgment action, relying on Mary Elizabeth’s disclaimer to trigger the applicability of the residuary clause of George Sr.’s will.  
The burden, therefore, was on George Jr. to bring forward any controverting summary judgment evidence establishing the invalidity of Mary Elizabeth’s disclaimer.  
See City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678-79 (Tex. 1979) (stating that once movant establishes right to summary judgment, nonmovant must come forward with evidence or law that precludes summary judgment).  In fact, George Jr. filed an affidavit executed by Mary Elizabeth with his summary judgment response, but nowhere in the affidavit did Mary Elizabeth indicate in any manner that she had taken possession of or exercised dominion and control over the disclaimed property in her capacity as beneficiary before she filed her disclaimer.  Because no such summary judgment evidence was presented to the trial court, the trial court correctly gave effect to the disclaimer.  
See Saunders v. Saunders
, No. 11-99-00344-CV, 2000 WL 34235214, at *4 (Tex. App.—Eastland Nov. 8, 2000, no pet.) (not designated for publication) (holding that disclaimer conclusively established contingent beneficiary’s entitlement to collect insurance proceeds absent controverting evidence).  We overrule George Jr.’s third issue.

IV.  Residuary Clause

In his first and second issues, George Jr. complains that the trial court erred by granting Appellees’ motion for partial summary judgment that, as a matter of law, Appellees were contingent beneficiaries under the residuary clause of George Sr.’s will.  George Jr. alternatively argues that summary judgment was improper because the will’s language was ambiguous, establishing a fact issue concerning George Sr.’s intent.  

The cardinal rule for construing a will requires that the testator’s intent be ascertained by looking to the provisions of the instrument as a whole, as set forth within the four corners of the instrument.  
San Antonio Area Found. v. Lang
, 35 S.W.3d 636, 639 (Tex. 2000); 
Perfect
 
Union Lodge No. 10, A.F. & A.M., of San Antonio v. Interfirst Bank of San Antonio, N.A.
, 748 S.W.2d 218, 220 (Tex. 1988); 
Steger v. Muenster Drilling Co.
, 134 S.W.3d 359, 372 (Tex. App.—Fort Worth 2003, pet. denied).  The question is not what the testator intended to write, but the meaning of the words he actually used.  
Lang
, 35 S.W.3d at 639; 
Shriner’s Hosp. for Crippled Children of Tex. v. Stahl
, 610 S.W.2d 147, 151 (Tex. 1980); 
Steger
, 134 S.W.3d at 372.  Terms used are to be given their plain, ordinary, and generally accepted meanings unless the instrument itself shows them to have been used in a technical or different sense.  
Steger
, 134 S.W.3d at 372.

If possible, all parts of the will must be harmonized, and every sentence, clause, and word must be considered in ascertaining the testator’s intent.  
Id.
  We must presume that the testator placed nothing meaningless or superfluous in the instrument.  
Id.
  Where practicable, a latter clause in a will must be deemed to affirm, not to contradict, an earlier clause in the same will.  
Id.
 Whether a will is ambiguous is a question of law for the court.  
Id.
 at 373.  A term is not ambiguous merely because of a simple lack of clarity or because the parties proffer different interpretations of a term.  
Id.
  Rather, a will is ambiguous only when the application of established rules of construction leave its terms susceptible to more than one reasonable meaning.  
Id.
  If the court can give a certain or definite legal meaning or interpretation to the words used, the will is unambiguous, and the court should construe it as a matter of law.  
Id.

Accordingly, we must decide whether the plain, ordinary meaning of the terms used in George Sr.’s will, as a whole, showed his intention if Mary Elizabeth predeceased him, (1) to have only his surviving son(s), if any, take all of the residuary—the position espoused by George Jr.—or (2) to have the children, if any, of any predeceased son take the respective son’s portion of the estate—the position taken by Appellees.  The residuary clause of George Sr.’s will is quoted above, but to reiterate, the most critical language provides, “If my said wife should not so survive me, then I give, devise[,] and bequeath my entire Estate unto such of my children as shall survive me (such children taking 
per
 
stirpes
 and not 
per
 
capita
).”

George Jr. argues that he is the sole member of the class of surviving children and that the will’s parenthetical language does not modify the class entitled to take the residuary but instead refers only to the next sentence in the will, concerning the disposition of the estate if George Sr. is predeceased by both his wife and all of his children.  To accept George Jr.’s interpretation, we must ignore the inclusion of the modifying parenthetical in the sentence that identifies the class of beneficiaries taking in the event Mary Elizabeth predeceases George Sr. and move it to the next sentence, which identifies the class of beneficiaries taking in the event that neither Mary Elizabeth nor George Sr.’s children survive him.  This interpretation disregards the sentence structure of the pertinent language and renders the parenthetical language a nullity.  This we cannot do.  
See generally Perfect
 
Union Lodge No. 10,
 748 S.W.2d at 220 (stating that will must be construed to give effect to every part). 

Here, the devise of the residuary to the class of George Sr.’s surviving children is modified by the parenthetical “(such children taking 
per
 
stirpes
 
and not 
per
 
capita
).”  The use of the term “per stirpes” in the parenthetical demonstrates George Sr.’s intent that the descendants of his children would take by representation if one of them predeceased him.  According to 
Black’s Law Dictionary
, “per stirpes” means

[b]y roots or stocks; by representation . . . . [D]erived from the civil law, [the term] is much used in the law of descents and distribution, and denotes that method of dividing an intestate estate where a class or group of distributees take the same share which their deceased would have been entitled to, had he or she lived, taking thus by their right of representing such ancestor, and not as so many individuals.

Black’s Law Dictionary
 1144 (6th ed. 1990).  The parenthetical is a nullity if given any other construction because the term “per stirpes” is used only to indicate that descendants take through a predeceased heir.

Guided only by the plain meaning of the words used by George Sr. in his will and harmonizing all the words and phrases
, we are convinced that George Sr. intended for the residuary of his estate to pass one-half to George Jr. and one-half to Appellees, Larry’s children who take by representation.  
See In re Estate of Williams
, No. 08-98-00144-CV, 2000 WL 1053857, at *3 (Tex. App.—El Paso Aug. 1, 2000, no pet.) (not designated for publication) (holding that use of term “per stirpes” to modify class gift demonstrates the intent that descendants of class members would take by representation if class members predeceased testatrix).  This interpretation is likewise consistent with the second residuary contingency bequest in George Sr.’s will—“If neither my wife nor any of my children survive me, then I give, devise[,] and bequeath my entire Estate to those persons who are my heirs in law and next of kin according to the statutes of descent and distribution”—that is to his grandchildren, evidencing his intent to not eliminate them as beneficiaries and is consistent with the laws of descent and distribution.  
Accord Steger
, 134 S.W.3d at 372 (stating that where practicable, a latter clause in a will must be deemed to affirm, not to contradict, an earlier clause in the same will); 
see also Paul v. Ball
, 31 Tex. 10, 1868 WL 4635, at *6 (1868) (stating that a sound canon of interpretation is to give language the construction which would put it most in harmony with our system of jurisprudence and with the statutes of distribution and of wills).  
Because George Sr.’s intention is clearly expressed and because no other construction of George Sr.’s will would give effect to all of the language in it, we hold that the residuary clause is unambiguous and that the trial court properly granted summary judgment in favor of Appellees.  We overrule George Jr.’s second and third issues.

V.  Conclusion

Having overruled all of George Jr.’s issues, we affirm the trial court’s summary judgment in favor of Appellees.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED: April 27, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellees nonsuited their claim for attorney’s fees and expenses, thus making the order granting partial summary judgment a final judgment.