Dismissed in Part; Reversed and Remanded in Part and Opinion filed March
15, 2005









Dismissed in Part; Reversed and
Remanded in Part and Opinion filed March 15, 2005.

 

                                                                      

 

                                                                                    In
The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-03-00647-CV

_______________

 

GRACIE RITTER and TERRI FILIPP, Appellants

 

V.

 

JAMES TILL, Appellee

                                                                                                                                               


On Appeal from the 25th District Court

Colorado County, Texas

Trial Court Cause No. 
20,601 

                                                                                                                                               


 

NO. 14-03-00973-CV

_______________

 

MARY ANN POPPE, INDIVIDUALLY, AND AS TRUSTEE OF THE
RUDOLPH J.  BITTNER REVOCABLE LIVING
TRUST AND TRUSTEE OF THE ROBERT W.  POPPE
AND MARY A.  POPPE REVOCABLE LIVING
TRUST, Appellants

 

V.

 

JAMES TILL, Appellee 

                                                                                                                                                

On Appeal from the 25th District Court

Colorado County, Texas

Trial Court Cause No. 
20,153 

                                                             
                                                                                  








O P I N I O N

 

This is a consolidated appeal from two lawsuits over the
title to the real property of Rudolph Bittner, deceased.  The first suit was filed by appellee, James
Till, against appellant, Mary Poppe.  The
trial court granted a default judgment in favor of Till.  The second suit was filed by appellants, Gracie
Ritter and Terri Filipp, against appellee, James Till.  The trial court granted Till’s special
exceptions and dismissed the suit with prejudice.  Appellants contend (1) the trial court lacked
subject matter jurisdiction in the first suit; and (2) the trial court erred in
granting Till’s special exceptions in the second suit.  Because we lack jurisdiction over the first
suit, we dismiss cause number 14-03-00973-CV for want of jurisdiction.  We reverse the judgment in cause number
14-03-00647-CV and remand for proceedings consistent with this opinion.

Background

In 1997, Rudolph J. Bittner executed a will in which he
devised his farm to his niece, Mary Ann Poppe, or to her daughters, Gracie
Ritter and Terri Filipp, if Poppe did not survive him.  He intentionally made no provision for his
nephew, Till.  In 1999, Bittner executed
a statutory durable power of attorney appointing Poppe as his
attorney-in-fact.  As Bittner’s
attorney-in-fact, Poppe created the Bittner revocable living trust.  Bittner was named the trustee, and Poppe was
named the successor trustee at Bittner’s death. 
Poppe executed a warranty deed conveying the farm from Bittner to
“Bittner as trustee of the trust.” 
According to the trust documents, Poppe was to receive the farm at
Bittner’s death.  

Bittner died January 7, 2001. 
Two months later, Poppe, acting as trustee of the Bittner trust,
executed a warranty deed conveying the farm from the Bittner trust to her own
trust.  On September 4, 2001, Till filed
suit against Poppe (the first suit) requesting a declaration of the rights and
legal relations under the trust agreement and warranty deeds.  On May 23, 2002, a default judgment was
entered in favor of Till in which he was declared to be the owner of the
farm.  Poppe filed a motion for new trial
and an independent Bill of Review, both of which were denied. 








On February 10, 2003, Bittner’s will was admitted to probate
as a muniment of title.  On the same day,
Poppe filed a document disclaiming her interest in any property she might be
entitled to under the will.  Ritter and
Filipp then filed suit against Till (the second suit) in which they asked the
trial court to declare them the owners of the farm, and to declare the Bittner
trust void.  Till filed special
exceptions, which the court sustained. 
The trial court dismissed Ritter and Filipp’s suit with prejudice.  The first and second suits were consolidated
into this single appeal. 

Subject Matter Jurisdiction (Appeal
from the First Suit)

In the first issue, Poppe claims the trial court in the first
suit lacked subject matter jurisdiction; therefore, the default judgment in
that case is void.  The default judgment
was signed May 23, 2002.  A motion for
new trial was timely filed June 10, 2002. 
Poppe’s notice of appeal was filed August 8, 2003.  When appellant has filed a timely motion for
new trial, motion to modify the judgment, motion to reinstate, or request for
findings of fact and conclusion of law, the notice of appeal must be filed
within ninety days after the date the judgment is signed. See Tex. R. App. P. 26.1(a).  Appellant’s notice of appeal was not filed
timely.  A motion for extension of time
is necessarily implied when an appellant, acting in good faith, files a notice
of appeal beyond the time allowed by rule 26.1, but within the fifteen-day
grace period provided by Rule 26.3 for filing a motion for extension of
time.  See Verburgt v. Dorner, 959
S.W.2d 615, 617-18 9 (1997).  Poppe’s
notice of appeal was due August 21, 2002, but was not filed until almost a year
later.  Therefore, Poppe’s notice of
appeal was not filed within the fifteen-day period provided by rule 26.3.  Accordingly, we dismiss cause number
14-03-00973-CV for want of jurisdiction.[1]

 

 








Trespass to Try Title (Appeal
From the Second Suit)

Background

In their second and third issues, Ritter and Filipp contend
the trial court erred in granting Till’s special exceptions in the second
suit.  At the time Bittner’s will was
admitted to probate as a muniment of title, Poppe disclaimed her interest in
the farm.  Poppe’s daughters, Ritter and
Filipp, filed a trespass to try title suit against Till asserting their right
to the farm under the will.  In their
suit, they also sought a declaration that the Bittner trust was void.  Till filed special exceptions alleging Ritter
and Filipp failed to state a cause of action because the property passed to the
Bittner trust and was not part of Bittner’s estate at the time of his
death.  Because the property was not part
of the estate, Till alleged Ritter and Filipp had no interest under the will.  The trial court granted Till’s special
exceptions and dismissed the suit with prejudice.  

Ownership Interest in the Farm

Till first asserts Ritter and Filipp have no standing to  maintain the trespass to try title suit
because they have no ownership interest in the property at issue.  Standing is implicit in the Texas
Constitution’s open courts provision, which contemplates access to the courts
only for parties suffering an injury.  The
M.D. Anderson Cancer Center v. Novak, 52 S.W.3d 704, 708 (Tex. 2001).  Standing is a threshold issue that implicates
subject matter jurisdiction and emphasizes the need for a concrete injury for a
justiciable claim to be presented.  Patterson
v. Planned Parenthood, 971 S.W.2d 439, 442 (Tex. 1998).  In contrast, whether a plaintiff has
sufficiently stated a cause of action for trespass to try title is determined
by Rule of Civil Procedure 783, which requires the plaintiff to recover on the
strength of his or her title.  Although
Till raises the issue of “standing” in his brief, he actually is arguing that
Ritter and Filipp have no interest in the property on which to base their cause
of action.








Ritter and Filipp contend they obtained title to the farm
through probate of Bittner’s 1997 will and Poppe’s disclaimer of her interest
in the property under the will.  See
Tex. Prob. Code Ann. § 37A(a)
(Vernon 2003).   Section 37 of the
Probate Code provides , in part, “when a person dies, leaving a will, all of
his estate devised or bequeathed by such will ... shall vest immediately in the
devisees and legatees of such estate,” subject only to payment of the
testator’s debts.  Tex. Prob. Code Ann. § 37 (Vernon 2003);
Kelley v. Marlin, 714 S.W.2d 303, 305 (Tex. 1986).  This is because “there is never a time when
title is not vested in someone.”  Bailey
v. Cherokee County Appraisal Dist., 862 S.W.2d 581, 584–85 (Tex.
1993).  A right to the property is
conferred on the devisee as effectively as if the transfer had been made in the
form of a deed by the testator.  Ferguson
v. Ferguson, 111 S.W.3d 589, 596 
(Tex. App.—Fort Worth 2003, pet. denied).  Therefore, at the time Bittner died, title to
the Bittner farm vested immediately in Poppe.  
Subsequently,  Till obtained a
default judgment which did not set aside Bittner’s will because the Bittner
estate was not included in Till’s suit. 
Accordingly, we acknowledge that the default judgment could be effectual
to disgorge Poppe and all others of any right, title or interest in the farm;
however, once Bittner’s will was admitted to probate, it became effectual as
proof of title to the property devised by the will.  Tex.
Prob. Code Ann. § 94 (Vernon 2003); American Economy Ins. Co. v.
Tomlinson, 12 F.3d 505, 508 (5th Cir. 1994).  In other words, after it has been probated, a
will becomes evidence of the right of the devisees and legatees to take their
devises and bequests, and their title is subject to defeasance only in the
event that the order probating the instrument is set aside in a subsequent suit
to contest its validity.  Id.  Applying these principles to this case, once
Bittner died, the farm vested immediately in Poppe subject to payment of any
debts.  However, the default judgment was
not a complete adjudication of Bittner’s estate and Poppe’s interest in the
farm was properly the subject of an order admitting the Bittner will to
probate.

The day the will was admitted to probate Poppe attempted to
disclaim her interest in the farm. 
Poppe’s disclaimer, however, was not effective because it was not in
compliance with the statutory requirements. 
A written memorandum disclaiming a present interest must be filed within
nine months after the death of the decedent. 
Tex. Prob. Code Ann. § 37A
(Vernon 2003).  Bittner died January 7,
2001.  Poppe filed her disclaimer
February 10, 2003, long after the nine-month deadline.








A disclaimer that is ineffective for failure to comply with
statutory requirements results in an assignment to those who would have
received the property had the person attempting to disclaim predeceased the
testator.  Tex. Prob. Code Ann. § 37A (Vernon  2003). 
A plain reading of this statute militates our conclusion that an
ineffective disclaimer results in an assignment to those who would receive the
interest if the person who attempted to disclaim had died before the
decedent.  This section does not describe
any special requirements for the ineffective disclaimer to constitute an
assignment and does not refer the reader to any other statute.  

In support of his proposition that Ritter and Filipp cannot
maintain a cause of action, Till cites In re Estate of Hamill, 866
S.W.2d 339, 344 (Tex. App.—Amarillo 1993, no writ).  In Hamill, the court, relying on Thompson
v. Lawson, 793 S.W.2d 94 (Tex. App.—Eastland 1990, writ denied), found that
for an ineffective disclaimer to act as an assignment, the disclaimer must meet
the requirements of a gift.  Hamill,
866 S.W.2d at 344.  The three elements
necessary to establish the existence of a gift are: (1) intent to make a gift;
(2) delivery of the property; and (3) acceptance of the property.  Id. 
Till contends that because the ineffective disclaimer contains no
evidence of donative intent, it is not an effective assignment of the rights
under the will.

In Thompson v. Lawson, 793 S.W.2d at 94, the Eastland
Court of Appeals found that an ineffective disclaimer under section 37A of the
Probate Code must satisfy the requirements of section 37B of the Probate Code
to be effective as an assignment.  Id.  The court cited no authority for this
proposition.  We respectfully disagree
with the Eastland Court of Appeals because their conclusion is contrary to the
plain meaning of the statute.  We further
disagree with the court in In re Estate of Hamill, because it relies on Thompson
v. Lawson, for the proposition that an ineffective disclaimer must meet the
requirements of a gift to be an effective assignment.








Under Section 37A, an ineffective disclaimer acts as an
assignment regardless of whether the disclaimer meets the qualifications of a
gift.  Section 37A provides, “Failure to
comply with the provisions hereof shall render such disclaimer ineffective
except as an assignment of such property to those who would have received same
had the person attempting the disclaimer died prior to the decedent.”  Tex.
Prob. Code Ann. § 37A (Vernon 2003). 
Section 37B states, “A person entitled to receive property or an interest
in property from a decedent under a will, . . . who does not disclaim the
property under section 37A of this code, may assign the property or interest to
any person.  Tex. Prob. Code Ann. § 37B(a).  The statute expresses that an assignment is
not a disclaimer; therefore, a party need not comply with the requirements for
a disclaimer under section 37A.  Id.
at (c)–(d).  Nothing in the Probate Code
indicates that additional requirements must be met for an ineffective
disclaimer to result in an assignment under Section 37A, or that it should be
construed with Section 37B.








Sections 37A and 37B are different sections and have
different results.  Section 37A allows a
beneficiary to renounce his or her inheritance. 
This disclaimer relates back to the date of death of the decedent and is
not subject to the claims of any creditor of the disclaimant.  Tex.
Prob. Code Ann. § 37A (Vernon 2003). 
If the disclaimer complies with the statute and is effective, the
disclaimed property passes “as if the person disclaiming or on whose behalf a
disclaimer is made had predeceased the decedent and a future interest that
would otherwise take effect in possession or enjoyment after the termination of
the estate or interest that is disclaimed takes effect as if the disclaiming
beneficiary had predeceased the decedent.” 
Id.  Upon disclaimer, the
property passes to those who would have received it had the disclaimant
predeceased the decedent.  Under section
37B, a beneficiary can designate recipients of the property.  If a beneficiary wishes to assign the
property to a particular person, he or she would not attempt a disclaimer under
section 37A.  Unlike section 37A, section
37B places no restriction on the persons to whom the property may be
assigned.  Section 37A places no
restrictions or conditions on when an ineffective disclaimer may become an
effective assignment.  Thus, under
section 37A, whether the document is a disclaimer or an assignment, the
property passes to those who would have taken if the disclaimant had
predeceased the decedent.  Tate v.
Siepielski, 740 S.W.2d 92, 93–94 (Tex. App.—Fort Worth 1987, no writ).

We conclude Poppe’s ineffective disclaimer was effective as
an assignment of her interest in the farm to her daughters.  Therefore, Ritter and Filipp have an interest
in the property sufficient to maintain a cause of action for trespass to try
title.[2]

Ademption

Till filed special exceptions alleging the daughters’ suit
was precluded by the theory of ademption. 
Ademption describes the extinction of a specific bequest or devise
because of the disappearance or disposition of the subject matter from the
estate of the testator during his lifetime. 
San Antonio Foundation v. Lang, 35 S.W.3d 636, 641–42 (Tex.
2000).  Unless the testator specifically
provides otherwise in the will, the sale or removal of a specific bequest from
the estate adeems the devise or bequest. 
Id. at 642.  Till claimed
the farm was conveyed to the Bittner trust prior to Bittner’s death;
consequently, when Bittner died, he did not own the farm.  Therefore, Till contends the order admitting
Bittner’s will to probate as a muniment of title gave Ritter and Filipp no
property interest sufficient to maintain the suit.  The trial court granted the special
exceptions and dismissed the suit with prejudice without permitting Ritter and
Filipp an opportunity to replead.








When a trial court dismisses a case upon special exceptions
for failure to state a cause of action, we review that issue of law using a de
novo standard of review.  See Butler
Weldments Corp. v. Liberty Mut. Ins. Co., 3 S.W.3d 654, 658 (Tex.
App.—Austin 1999, no pet.).  When
reviewing a dismissal based upon special exceptions, we also must accept as
true all material factual allegations and all factual statements reasonably
inferred from the allegations set forth in the respondent’s pleadings.  Sorokolit v. Rhodes, 889 S.W.2d 239,
240 (Tex. 1994).  If a pleading states a
cause of action, the trial court errs in dismissing the entire case.  See Holt v. Reprod. Servs., Inc., 946
S.W.2d 602, 605 (Tex. App.—Corpus Christi 1997, writ denied).  

Ritter and Filipp contend the Bittner trust is void because
Poppe did not have authority to create the trust.  Poppe attempted to create the Bittner trust
under a durable power of attorney.  The
Texas Trust Code dictates that a trust is created “only if the settlor
manifests an intention to create a trust.” 
Tex. Prop. Code Ann. §
112.002 (Vernon 1995).  An agent acting
under a power of attorney cannot have the requisite intent to create a
trust.  Section 499(6) of the Probate
Code provides that if the principal has created a trust prior to his
incapacity, the agent is authorized to transfer the principal’s property to
that trust.  This power does not appear
to allow the agent to create a trust and transfer property to it.  Kathleen Ford Bay, Tax, Fiduciary, and
Other Issues Regarding a Financial Power of Attorney, State Bar of Texas, Advanced Estate Planning
and Probate Course 2002.  Because
no trust was created, the attempted conveyance of the farm to the trust was
ineffective.  Accordingly, we hold that
the farm remained in Bittner’s estate when he died, subject to devise under the
will.








A trial court may not render judgment against parties for
failure of their pleadings to state a claim upon which relief can be granted
without first identifying the pleading deficiency and allowing the parties to
amend their pleadings, unless the pleadings affirmatively negate the existence
of a claim or the record otherwise reflects that the deficiency cannot be cured
by amendment.  County of Cameron v.
Brown, 80 S.W.3d 549, 555 (Tex. 2002). 
The order admitting Bittner’s will to probate as muniment of title gave
Ritter and Filipp a cognizable claim to the farm as though the record of title
vested in their names.  Tex. Prob. Code Ann. § 89C (Vernon
2003).  Therefore, Ritter and Filipp
sufficiently stated a cause of action for trespass to try title to the
farm.  Tex.
R. Civ. P. 783; see also Wells v. Kansas Univ. Employment Ass’n,
825 S.W.2d 483, 486 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (The
plaintiff in an action in trespass to try title must recover, if at all, on the
strength of his or her own title). 
Because Ritter and Filipp stated a cause of action for trespass to try
title, the trial court erred in dismissing the case on special exceptions.

The judgment of the trial court is reversed and the cause
remanded for proceedings consistent with this opinion.

 

 

 

/s/        Charles Seymore

Justice

 

 

 

 

Judgment rendered
and Opinion filed March 15, 2005.

Panel consists of
Justices Fowler, Edelman, and Seymore. 
(Edelman, J. concurring in result only)

 











[1]  If, as
appellant contends, the default judgment is void, the judgment is subject to
collateral attack.  Dispensa v. University
State Bank, 987 S.W.2d 923, 931 (Tex. App.—Houston [14th Dist.] 1999, no
pet.).





[2]  Even if this
court found donative intent necessary for an effective assignment, we would
reach the same result because we would remand to the trial court for
consideration of evidence on donative intent.